### BROWN vs. DEAN and ENSWORTH.

A conveyance     THIS cause  came  before the court  on a case made after a
of land,    ac-  trial at the circuit on two issues of fact, where a verdict was
companied by
another instru-  found for  the defendants  on one of the  issues, subject to the
ment shewing  opinion of this  court, and for  the plaintiff on the other issue ;
the     convey-
ance to have  and on a demurrer to four  special pleas, interposed by the
been intended  plaintiff to  two avowries and cognizances put in by the de-
as a   security
in  the nature  fendants  to  the declaration of the plaintiff  in an action of
of a mortgage,  replevin.
though   abso-
lute   in   its     The declaration is in the usual form in an action of replevin
terms  will be
considered  as  for taking certain goods and chattels, the property of the plain-
a  mortgage;
and not being registered or recorded will be adjudged inoperative and void as against a subsequent
bona fide purchaser for  a valuable consideration  without notice.
   On an issue in an action of  replevin, in which the plaintiff to an avowry for rent pleads, de-
nying the seisin of the  landlord, the demise, the tenancy, and the assignment to the plaintiff
evidence that the  defendant in replevin holds by virtue of a  deed from the grantor of the
plaintiff, executed to him as a security for the payment of money, and that the conveyance
to the plaintiff was recorded, and the deed  to  the defendant not recorded, entitles the plain-
tiff and not the defendant to a verdict.
   A plea to an avowry that the landlord holds under a title  which  in law amounts to a mort-
gage, which has not been recorded, and that the  plaintiff holds under the same person from
whom the landlord derives his title, by a bona fide purchase for valuable consideration, is
good, and a complete answer to the avowry.
   Nor does such plea amount to a disseisin, inasmuch as it shews the relation of landlord and
tenant does not exist.
   The rule, that a tenant shall not plead nil habuit in tenementis, applies only where there is
a tenancy in fact,

tiff. The defendant Dean avows, and the defendant Ens-worth, as his bailiff, makes cognizance in four avowries, &c. differing in form, but agreeing in substance. In the first avowry it is stated, that one Peter W. Dyer being lawfully seized of a good, absolute and indefeasible estate of inher-itance in fee simple, of a certain farm in the declaration men-tioned, by indenture bearing date 13th March, 1823, for the consideration of $550, did grant and convey the same to Dean, (the avowant) and to his heirs and assigns forever, whereby Dean became seized, &c. and being so seized, he on the same day demised the same premises, which premises were holden under such demise for three years, ending on the 13th March, 1826, at and under a certain yearly rent, to wit, the rent of $38,50, payable on the 13th March annually ; and because $38,50 of the rent aforesaid, for one year end-ing on the 13th March, 1826, was due and in arrear to Dean, he well avows, and Ensworth well acknowledges the taking, &c. and justly, &c. as, and for and in the name of a distress for the rent so due and in arrear, &c.; wherefore they pray judgment and a return of the goods, &c. The *second* avowry is like the first, except that the demise is for ten years. The *third* avowry differs from the others in stating that the deed executed by Dyer to Dean, was an indenture by way of mortgage, and that by an agreement entered into between the parties thereto, the same was to be defeasible upon the payment of $550, together with the rent revserved and to accrue. The *fourth* avowry is like the second, except that it states, in addition to the facts set forth in the second, an assignment of the demised premises from Dyer to Brown, the plaintiff.

To these avowries the plaintiff put in six pleas. In the *first*, he denies, the seisin of Dean, the demise to Dyer, the tenancy of Dyer, and the assignment of the demised premi-ses to him, the plaintiff. In the *second*, he alleges, that on the 4th April, 1826, Dyer, by indenture for the consideration of $1345, granted and conveyed to him the farm, which inden-ture was on the same day acknowledged, and on the 20th April, 1826, recorded in the clerk's office of the county of Otsego ; and denying the grant of the premises to Dean, and

the demise to Dyer. In the *third* plea, in answer to the first avowry, he says, if Dyer did convey to Dean as alleged in the avowry, Dean has not procured the conveyance to be recorded; he then sets forth the making and recording of the conveyance to him, avers himself to be a bona fide and innocent purchaser for the sum of $1345, actually paid, without notice of the previous conveyance to Dean; and that he entered and took possession of the premises. In the *fourth* plea, in answer to the second avowry, the plaintiff says, that if such deeds were executed between Dyer and Dean, they are not recorded according to the form of the statute; and that on, &c. a deed was executed of the said farm to him the plaintiff, and recorded, &c. as the last plea. In the *fifth* plea, in answer to the second and fourth avowries, the plaintiff says, that if the deed and lease set up in the avowries were executed between Dyer and Dean, they were so executed as a *mortgage* to secure $550 with interest, to be paid in ten years, and that the same have not been recorded; he then avers the deed to himself, the recording, &c. In the *sixth* plea, in answer to the third avowry, the plaintiff says, that the said indenture of mortgage and lease are not recorded, and that on, &c. he became a bona fide purchaser, &c. without notice, became seised, setting forth the deed to him, its record, and that he entered into possession of the premises.

To the *first* plea the defendants joined issue; to the *second, third, fourth* and *fifth* they demurred; and to the *sixth* they replied, that the plaintiff, at the time of the conveyance to him, had notice of the previous conveyance to Dean, and that the premises were holden under him by lease, concluding to the country.

. The issues of fact joined on the *first* and *sixth* pleas were tried at the Otsego circuit in September, 1827, before the Hon. SAMUEL NELSON, one of the circuit judges. On the trial it appeared that on the 13th March, 1823, Peter W. Dyer having borrowed of the defendant Dean $550, executed to him an *absolute deed* of the farm on which the *distress* in this cause was made, and took back a *lease* from Dean for the term of ten years, in which was reserved an annual rent

of $38,50, and which contained a covenant that on the repayment of the $550, with the interest or rent reserved, that Dean should re-convey the farm to Dyer. Neither of those instruments were recorded, it having been agreed at the execution of them that the transaction should be kept a secret. In addition to the conveyance of the farm, Dyer, together with one Farnham, his partner in trade, executed a bond to Dean to secure the payment of the $550, with the interest thereof. Dyer paid the interest in 1824 and 1825. On 4th April, 1826, Dyer, for the consideration of $1345, paid or secured to be paid by negotiable notes, conveyed the farm to the plaintiff, which conveyance was duly recorded; notice of the previous conveyance to Dean, and of the lease from Dean to Dyer, not being brought home to the plaintiff. On the 13th May, 1826, Dyer and Farnham having failed, Dean made a distress for the rent, which became due on the lease on the 13th March preceding; for the taking of which distress this action was brought.

The evidence shewing the nature of the transaction between Dyer and Dean was objected to on the trial by the defendants; because, 1. In an action of replevin, the tenant is not allowed to dispute the title of his landlord under which he has entered into possession; 2. That the plaintiff having entered under Dyer, is estopped by the indenture of lease executed to him by Dean; 3. That the relation of landlord and tenant having been shewn to exist between Dean and Dyer, and the plaintiff having entered under Dyer, though by an absolute conveyance in fee in law, must be regarded as the tenant of Dean; 4. That the evidence offered substantially went in support of the pleas which were demurred to; and 5. That the issue joined upon the *sixth* plea was an immaterial issue, and ought not to be tried. The judge decided he would receive the evidence, subject to the opinion of this court on a case to be made; and after the evidence was closed, the jury, under his direction, found for the defendants on the *first* issue, and assessed the damages at $42,75; and for the plaintiff on the *sixth* issue, subject to the opinion of this court.

The cause was argued by

*D. Andrus*, for plaintiff, and

*J. A. Collier*, for defendants.

The following cases were cited: For the plaintiff, 1 R. L. 370, § 4; id. 373, § 3; 1 Chitty's Pl. 506; Archb. Pl. 342; 8 Johns. R. 108; 14 id. 204; id. 555; 2 Cowen, 324; 2 Atk. 275; 3 Vesey, 478; 2 Johns. C. R. 182; 5 Cowen, 135; 7 id. 450. For the defendants, 3 Common Law Rep. 167; 1 Holt, 489, n.; 1 Chitty's Pl. 561; 2 Wils. 208, n.; Ld. Raym. 1550; Strange, 817; 7 T. R. 539; 10 East, 350; 4 Maule & Sel. 347; 5 T. R. 4; 2 Ves. jun. 696; 1 Johns. Cas. 90; 16 Johns. R. 110; 5 Cowen, 123; 7 id. 325, 637; 4 id. 722; Sugden on Vend. 524; 16 Johns. R. 289; 20 id. 61.

*By the Court*, SAVAGE, C. J. At the circuit there were two issues to be tried, viz. on the first and sixth pleas. The judge directed the jury to find the issue on the first plea for the defendants: they did so, and assessed the damages at $42,75, and under his direction also they found the issue on the sixth plea for the plaintiff, subject to the opinion of this court. We are now called upon to render judgment upon this verdict; I will therefore state the several findings of the jury.

Upon the first issue they find (to negative the plea) that William Dean was seised as averred in his avowries, and leased the premises to Dyer, who held the same as tenant to Dean; and that the plaintiff Brown held as the assignee of Dyer, and as tenant to Dean, and they assessed the defendant's damages to $42,75; and upon the sixth issue they find that the indenture by way of mortgage, and the indenture of lease given by way of defeasance, mentioned in the third avowry, were never recorded according to law; that Dyer being in possession, and claiming to be seised in fee simple, the plaintiff having no notice of said deed and defeasance, on the 4th April, 1826, became, and was the purchaser bona fide of said premises from Dyer, for the full value thereof; and that Dyer and wife conveyed to him, and his deed was recorded, by which he became seised in fee of the said premises.

From the facts as proved on the trial, the case is simple and plain. By the *act concerning deeds* (1 R. L. 370, § 4,) every deed and conveyance of lands in certain counties of this state, (among which is Otsego county, where the premises are situated,) after the 1st February, 1799, shall be adjudged fraudulent and void, against any subsequent bona fide purchaser or mortgagee, for valuable consideration, unless the same be recorded in the clerk's office in said county, before the recording the deed or conveyance under which such subsequent purchaser or mortgagee shall claim. By the *act concerning mortgages*, (1 R. L. 373, § 3,) every conveyance which appears by any other instrument to have been intended as a security in the nature of a mortgage, though it be absolute in its terms, shall be considered a mortgage, and liable to be resgistered as other mortgages ; and that it shall not have the advantages given to mortgages unless the defeasance be also registered.

The conveyance from Dyer to Dean, though absolute in its terms, being accompanied by a writing operating as a defeasance, according to the statute last cited, must be considered as a mortgage between the parties ; but not being registered as a mortgage, was inoperative and void as against the plaintiff, who was a bona fide purchaser for valuable consideration. The first issue in fact, therefore, which was found for the defendants, should have been for the plaintiff; Dean having been originally but a mortgagee, and never seised in fee of the premises, nor did the legal relation of landlord and tenant exist between Dean and Dyer; much less did it exist between Dean and the plaintiff Brown. Whether it is competent for a mortgagor and mortgagee to create between them the relation of landlord and tenant, and to give the mortgagee a remedy by distress for the interest or principal, it would be useless to enquire, because the question here is not between those parties. Conceding therefore, for the sake of argument, that it may be done, (on which question however, I give no opinion,) the rights of these parties would not be affected by it ; for though the deed and defeasance operated between the parties as a mortgage, yet as between

the plaintiff and Dean, the supposed mortgagee, those instruments are of no more force than mere blank paper. Dean has his remedy against Dyer on his covenant to pay, and against Dyer and Farnham upon their bond, but there is no lien or charge upon the land. The moment Dyer conveyed to Brown, the plaintiff, and his title was perfected by the recording his deed, all the previous conveyances by deed and lease became nullities, and, as respects this cause, have no existence in fact. The jury should have been so instructed, and instead of finding that Dean was seised and leased the premises to Dyer, who thereby became tenant, and that such tenancy attached to Brown, the plaintiff, the issue should have been found for the plaintiff; and as the verdict was taken subject to the opinion of this court, the finding of the jury will be corrected on the record.

The plaintiff is clearly entitled to judgment upon the facts as they appeared in evidence. But as they appear upon paper in the form of a demurrer book, they are, by the ingenuity of the pleaders, so involved in the mazes of special pleading, that a considerable portion of patience and perseverance has been found necessary to disentangle them. [The Chief Justice here enters into a minute examination of the pleaings, and then proceeds as follows:]

One general demurrer is put in to four pleas, and special causes are assigned to each, which, however, all involve the main question, viz. whether the deed and lease executed between Dyer and Dean, taken together, constitute a mortgage, and if so, then as the mortgage was not registered or recorded, and as the plaintiff had not notice of it previous to his purchase, whether it is valid as against him? On the part of the defendants it is contended that Dyer was Dean's tenant, and that the plaintiff purchasing from the tenant, comes into his place, and is estopped from denying title in Dean.

It is contended by the defendants that the *second* plea is bad because it does not traverse the demise in the first avowry, but attempts to introduce a collateral issue. Whatever in pleading is not denied is admitted; but a party pleading may admit the facts stated in the pleading which he professes to answer, and then aver matter in avoidance. So here, the

plaintiff might say, I admit that the deed and lease set forth in the avowry were executed, but they were never recorded, and subsequently I became a bona fide purchaser for valuable consideration. The latter facts are a complete answer to the avowry, and shew that there was no tenancy as to the plaintiff, or as to the premises after his connection with them. This is also an answer to the objection that the pleas shew a disseisin of the landlord by the tenant. By the allegation of the sale to himself, the recording of his deed, and that if any such papers were executed as are set forth in the avowries, they were not recorded, all ideas of landlord and tenant and demised premises vanish. The same facts are an answer to the objection that *nil habuit in tenementis* is a bad plea, and that the lease being by indenture is an estoppel. If the lease was a valid instrument as to the plaintiff, these objections would be conclusive. In the case of *Sullivan* v. *Stradling*, (2 Wils. 208 to 218,) the subject was much discused, and the conclusion of the court was that such a plea is bad. But the tenant may deny the demise ; and even if the pleas were bad which deny the title in Dean, there would be enough left to destroy the alleged right of distress. But my answer to these objections is, that those rules are applicable to cases of real tenancies ; that if they can be enforced here, they virtually repeal the statutes ; that here nothing like a tenancy exists.

I am of opinion, therefore, that though these pleas may be informal, yet they are substantially good, and that the plaintiff is entitled to judgment upon the demurrers and the whole record.

Judgment for plaintiff.

Justices SUTHERLAND an MARCY did not hear the argument, and gave no opinion.