NEW YORK, May, 1835.

Stewart v. Hutchins.

Judgment reversed, and *venire de novo*.

---

## STEWART *vs.* HUTCHINS.

A *deed* conveying lands in fee, with a condition annexed, that if the grantor do and shall pay certain legacies charged upon other lands sold and conveyed by the grantor to the grantee, then the deed to be void—is a *mortgage*, and no recovery can be had upon it by *action of ejectment*.
The remedy of the party for the non-performance is in *equity*.

THIS was an action of *ejectment*, tried at the Washington circuit in June, 1832, before the Hon. ESEK COWEN, one of the circuit judges.

The plaintiff claimed to recover the premises in question under a deed executed by *Henry Tomb* and Nancy his wife, to *George Stewart*, bearing date 23d April, 1818, whereby the premises in question were sold and conveyed to George Stewart in fee, with a *condition* contained in the deed, in these words: " Provided always, and these presents are upon this express condition, that if the said parties of the first part pay off and discharge the several legacies bequeathed by the last will and testament of James Tomb, deceased, to the legatees therein mentioned, and in the manner therein specified, and which said legacies are charged on the lands devised by the said last will and testament to the said Henry Tomb, *a part of which said land has been conveyed by the said parties of the first part to the said party of the second part,* then these presents shall cease, determine, and be null and void." The plaintiff, besides producing the above deed, proved, that previous to the date thereof, *Henry Tomb* was in the actual possession of the premises, and that for the last seven or eight years the defendant had been in possession of the same. The plaintiff having rested, the defendant insisted that the deed

NEW YORK, produced was a *mortgage*, and as no foreclosure had been
May, 1835     shown, the plaintiff was not entitled to recover. The judge
Stewart     nonsuited the plaintiff, who now asks for a new trial.
v.
Hutchins.

    *J. Crary*, for the plaintiff, insisted that the instrument pro-
duced at the trial was a *conditional deed*, and not a *mort-
gage;* that the remedy of the grantee is only by *entry*, and
unless the action of ejectment is allowed him, he is remediless.
In support of this position, he cited 2 *Cowen*, 195, 329, *Co.
Litt.* 205, *a. n.* 96, 16 *Johns. R.* 49, 18. *id.* 174, 1 *R. S.*
738, § 139, 1 *Fonblanque* 397, *Cro. Jac.* 791, 2 *T. R.* 137,
1 *Johns. R.* 370, 1 *Johns. Ch. R.* 370, 4 *id.* 431. He fur-
ther insisted, that if the instrument should be construed to be
a *mortgage*, it was not within the mischief of the statute for-
bidding ejectment to be brought by a mortgagee for the re-
covery of the possession of the mortgaged premises. 2 *R. S.*
312, § 57. The object of that provision was to prevent the
accumulation of costs, by prohibiting mortgagees at the same
time bringing ejectment, foreclosing the mortgage and prose-
cuting a bond given as collateral security for the payment of
money secured by the mortgage. Here was no bond, and
no power of sale, and therefore there is no reason to refuse
the plaintiff the benefit of the action of ejectment.

    *C. L. Allen & D. Russell*, for the defendant, insisted that
the instrument was a *mortgage*, and that it came directly
within the provisions of the statute. They cited 15 *Johns. R.*
205, 555, 6 *Johns. Ch. R.* 417, 7 *id.* 40, 3 *Wendell*, 208, 5
*Binney*, 499, 2 *R. S.* 312, § 57, *id.* 545, § 2 1 *R. S.* 756, § 3.

    *By the Court*, SUTHERLAND, J. The revised statutes de-
clare that no action of ejectment shall (hereafter) be main-
tained by a mortgagee, or his assigns or representatives, for
the recovery of the possession of the mortgaged premises. 2
*R. S.* 312, § 57. This language is exceedingly broad and
comprehensive, and embraces, in terms, every description of
mortgage which could previously have been made the foun-
dation of an action of ejectment. The counsel for the plain-
tiff, however, contends that it applies only to gmortages in the

usual form, which are accompanied by a bond or other security for the payment of money, and which also contain the usual power of sale. That the object of the legislature was to prevent the cumulative remedies of an action of ejectment, a foreclosure of the mortgage under the statute, and an action upon the bond, from being pursued at the same time. It is probably true that this species of oppression was the evil which the legislature had principally in view in this and other enactments upon the subject of mortgages. They have also provided that no foreclosure shall take place under the power of sale pending a suit at law, to recover the debt which the mortgage was given to secure. But although mortgages, in the ordinary form, may have been principally in view of the legislature, in framing these provisions, there is no such violation of principle, in applying them to mortgages of every description, nor will such inconveniences result from such application, as to justify the court in holding that the legislature did not mean what their language clearly and unequivocally imports.

I do not understand the plaintiff as denying that the deed under which he claims is a mortgage in the broad legal sense of the term. It is unquestionably to be so regarded. It contains the following defeasance : " Provided always, and these presents are upon this express condition, that if the said parties of the first part (Henry Tomb and his wife) pay off and discharge the several legacies bequeathed by the last will and testament of James Tomb, deceased, to the legatees therein mentioned, and in the manner therein specified, and which said legacies are charged on the lands devised by the said will to the said Henry Tomb, *a part of which said land has been conveyed by the said parties of the first part to the said party of the second part*, (George Stewart,) then these presents shall cease, and be null and void." The mortgagee had purchased from the mortgagor certain lands which were chargeable with certain legacies, which the mortgagor was bound to pay. To secure the mortgagee against the charge of those legacies upon his land, this mortgage or conditional deed was given upon other lands. The authorities are clear that it is to be considered and treated as a mortgage. 4 *Johns. R.* 186. 15 *id.* 205,

NEW YORK, 555.   2 *Johns. Ch. R.* 182.   6 *id.* 417.   7 *id.* 40.   2 *Cowen,*
May, 1835.   324, 195.   3 *Wendell,* 208.

Nor do I perceive any difficulty on the part of the plaintiff in foreclosing this mortgage in equity. The condition of the mortgage is, that if the mortgagor does not discharge certain legacies according to the provisions of a certain will, then the estate of the mortgagee shall become absolute. If the mortgagor, upon being properly brought into a court of equity, fails to show that he has discharged the legacies, his equity of redemption will be foreclosed, and the estate of the mortgagee will be rendered perfect. It is probably a case for a strict foreclosure, and not for a sale. There can be no doubt that the plaintiff has an adequate remedy in equity.

The plaintiff was properly nonsuited, and the motion for a new trial must be denied.