### GLOVER and others *vs.* PAYN.

The mere fact of a conveyance of land, and an agreement for a reconveyance at a future day at an advanced price, at the election of the grantor, affords no evidence of an intention that the deed should be considered as a mortgage.

Had it appeared that the deed was given for a pre-existing debt, or on a loan of money, or had the grantor entered into an obligation to repay the consideration money expressed in the deed, then the question whether the transaction should not be deemed a mortgage would have arisen.

But even then, whether parol evidence to show that an absolute deed was intended as a mortgage can be received in a court of law, *quere.*

THIS was an action of *ejectment* for the recovery of a house and lot, tried at the Albany circuit in October, 1836, before the Hon. JAMES VANDERPOEL, then one of the circuit judges.

The plaintiff read in evidence a deed from Samuel Payn to Edward C. Delavan, conveying the premises in question, bearing date 11th July, 1831, purporting to have been executed *for the consideration of* $7000 ; and a deed from Delavan to the plaintiffs, bearing date 20th May, 1835. The defendants admitted themselves to be the heirs at law of Samuel Payn, who was deceased, and that they were in pos-

session of the premises; and produced in evidence on their part an instrument in writing, executed by Delavan and Samuel Payn, bearing date 12th July, 1831, but which was executed in fact on the preceding day, whereby Delavan demised the premises to Samuel Payn until the 1st May, 1832, at a rent equal to $500 per annum; Payn to keep the premises in repair, to pay all taxes and assessments, to procure an insurance upon the house to the amount of $2500, and to assign the policy to Delavan, and to surrender the premises at the expiration of the term. Then followed a clause in these words: " Provided always, that in case the said Samuel Payn shall, on the first day of May next, *elect* to pay to the said Edward C. Delavan, $8000, then the said Edward C. Delavan covenants and agrees to convey by warranty deed the said before described premises to the said Samuel Payn, his heirs and assigns." The plaintiffs admitted that at the time of their purchase they had *notice* of the above instrument, and that Payn claimed the conveyance to Delavan *to be a mortgage.* The judge ruled that the deed from Payn and the instrument executed by Delavan and Payn, taken together, *amounted in law to a mortgage;* and as a mortgage previous to foreclosure was not such a title as enabled the mortgagee or his assignee to maintain an action of ejectment against the mortgagor or his heirs the plaintiffs were not entitled to recover; and he so instructed the jury, who found a verdict for the defendants. The plaintiffs ask for a new trial.

*A. Taber & M. T. Reynolds,* for plaintiffs.

*S. Stevens,* for the defendants.

*By the Court,* BRONSON, J. Courts of equity, proceeding on the ground of fraud or mistake, admit parol evidence to show that an absolute deed was intended as a mortgage; and it is said that the same rule prevails at law. *Walton* v. *Cronly,* 14 Wendell, 63. But it is unnecessary to anticipate a question which may arise on another trial.

NEW-YORK,
May, 1838.

Glover
v.
Payn.

NEW-YORK,     The deed of Payn and the lease or agreement were exe-
May, 1838.   cuted at the same time, and it is of no consequence that they
~~~~~        bear date on different days. The judge decided that the
Glover       two instruments together, amounted in law to a mortgage.
v.           I think he erred. Judging from the papers themselves, this
Payn.        was simply a sale of land for a consideration paid at the
time, with an agreement to re-sell at a future day at an ad-
vanced price—the re-sale depending on the election of the
original grantor. There were no previous dealings between
the parties, and no debt was created by the transaction. It
is impossible to maintain, either upon principle or authority,
that this was a mortgage. If any thing can be made of it
but an absolute sale and an agreement to re-convey at the
option of the vendor, it must be by proving facts which can-
not be gathered from the face of the papers. Had it ap-
peared that the deed was given to secure a pre-existing
debt, or on a loan of money—that the consideration paid for
the land was greatly below its real value, or that Payn was
under obligation to pay the purchase money, there would
have been a question, either at law or in equity, which does
not now arise. On the facts disclosed by the bill of excep-
tions we can neither say that this was a mortgage, nor that
the transaction was subject to any objection whatever.
Delavan purchased and paid $7000 for the property, agree-
ing at the same time to reconvey at a future period, on being
paid $8000. Payn, without contracting any obligation on
his part, was entitled to any advance in value beyond $1000;
and Delavan while he might profit to that extent, might
also be a loser to a greater amount by a depreciation in the
value of the property.

Defeasible purchases are narrowly watched, and courts
of equity always lean strongly in favor of the right of re-
demption. *Longuet* v. *Scawen*, 1 Ves. sen. 402. Still it is
well settled that an agreement to reconvey, either with or
without an advance in price, will not turn an absolute con-
veyance into a mortgage. In *Robinson* v. *Cropsey*, 2 Edw.
V. C. R. 138, there had been previous dealings between the
parties, but the debt was extinguished at the time of the
conveyance: and the vice chancellor held that an absolute

deed with a separate agreement for the right to redeem within a year, was not a mortgage, but a sale on condition. This decision has, I learn, been affirmed on appeal to the chancellor. In *Goodman* v. *Grierson*, 2 Ball & Beat. 274, Goodman was seized of land subject to a charge of £1000 to the wife of Higgins. He conveyed.to trustees for Higgins and wife, reciting that they had agreed to accept the land in lieu and satisfaction of the £1000, and that he had agreed to convey for that purpose. The deed then contained a covenant that if Goodman paid the £1000 within ten years, the trustees should reconvey. On a tender of the money after the ten years had elapsed, and a bill to redeem, it was held that this was not a mortgage, but a conditional sale. The chancellor said, "the fair criterion by which the court is to decide whether the deed be a mortgage or not, I apprehend to be this : are the remedies mutual and reciprocal ? Has the defendant all the remedies a mortgagee is entitled to ?" He thought it material that the grantees in the deed had no remedy for the balance, in case the property on a foreclosure should not bring enough to pay the debt. The case of *Parmer* v. *Gurnsey*, 7 Wendell, 248, does not lay down a different rule. There the conveyance was made to secure a debt, and there was an express agreement that the grantor should have the *overplus* money on a sale of the property. Although the note was given up, it was held that the debt still remained, which the plaintiff, on failure of the mortgage security, was allowed to recover. There may, no doubt, be a mortgage without any personal liability on the part of the mortgagor, if the parties choose to contract in that form. 1 R. S. 738, § 139. And so where there is a loan, and fraud on the part of the lender in relation to the form of the security, a court of equity will permit the grantor to redeem, although the conveyance is absolute. *Strong* v. *Stewart*, 4 Johns. Ch. 167. But where there is no debt and no loan, it is impossible to say that an agreement to resell will change an absolute conveyance into a mortgage. *Verner* v. *Winstanley*, 2 Scho. & Lef. 393. *Barrell* v. *Sabine*, 1 Vern. 268. *Endsworth* v. *Griffith*, Vin. Abr. Mortg. U. pl. 8. *Conway* v. *Alexander*, 7 Cranch, 218.

NEW-YORK, May, 1838.

Glover v. Payn.

4 Kent's Com. 144, 2d ed.   Sugden on Vend. 223, 5th Lond. ed.  1 Powell on Mortg. 130, n. R.    Id. 138, n. T.    The only case I have met with which apparently favors the decision made at the circuit, is *Manlove* v. *Bale & Bruton*, 2 Vern. 84, and 1 Eq. Cas. Abr. 113, pl. 15.   I have no doubt that the facts of this case are imperfectly stated ; and as nothing but the decree is given, it is impossible to say on what ground the master of the rolls placed his decision.    In *Brown* v. *Dean*, 3 Wendell, 208, there was a loan of money and a bond for repayment.   And there was, also, I think, a loan in the case of *Hammond* v. *Hopkins*, 3 Yerg. (Tenn.) 525.   In *Stewart* v. *Hutchins*, 13 Wendell, 485, it may be gathered from the statement of the case and the opinion of the court, that Tomb had conveyed lands to Stewart, which were chargeable with certain legacies which T. was bound to pay.   He then conveyed other lands to S. to secure him against the charge of the legacies, and on *condition* that this conveyance should be void if T. paid off the legacies. There was a debt or duty on the part of the grantor ; the conveyance was made as a security, and on condition to be void if the grantor satisfied the charges.   That was certainly a very different case from the one at bar.   Until the courts are prepared to make contracts for parties, and to assume the guardianship of adults as well as infants, such a transaction as we have been considering cannot be declared a mortgage.   It is an absolute sale, with an agreement for a reconveyance ; and the vendor must comply strictly with the terms on which he is allowed to repossess himself of the title, or his right will be at an end.

The view already taken renders it unnecessary to examine the other questions presented by the bill of exceptions.

<div align="right">New trial granted.</div>