By the Court,
Lane, C. J.
The question on which this case turns-is, whether the deed from Sabin, in 1822, was a mortgage, leaving in him the right of redemption ? Because, if he had in him the interest of a mortgagor in possession, his right to redeem the mortgage passed to the purchaser at the sheriff’s sale. Other objections to the sale are-raised by the parties, but it is unnecessary to consider any other than this.
The deed itself is ambiguous. The sale is not absolute, but it does not necessarily imply any other interest in Sabin, than a right to repurchase, or an authority to sell. The possession continued vacant until Hibben’s purchase, except some slight acts of ownership by M’Millan — the taxes were paid by him. No proof is made of any previ ous dealings between the parties — no note or covenant to pay money is shown. The answers both of Sabin and M’Millan, deny in-the most positive terms, that the parties intended it as a mortgage, or-that any debt subsisted between them ; or that they designed anything else, except to secure to Sabin the privilege of repurchase. It is ^admitted, however, that in 1831 or 1832, a sale of this land was made by M’Millan to Sabin ; but the answers aver it was not under the-privilege retained in the deed, which had been abandoned long before,, but under an entirely new agreement. The consideration was five hundred dollars, one hundred and eighty or one hundred and eighty-five of which was paid down, and the remainder in three annual payments, secured by notes. Hinkson proves that sometime in 1833, as-he believes, he drafted an agreement between Sabin and M’Millan, for the purchase of this land, the terms of which he can not recollect. This repurchase is calculated to raise doubts,, but the proof of the agreement of repurchase before the judgment in favor of the Urbana Bank, corroborated the answer, notwithstanding the disparity in dates between the answers and deposition. There is, it is true, much in the case to awaken suspicion, but we nowhere find proof enough to-establish the relation of mortgagor and mortgagee between these parties, against the direct denials of the answers.
*28 In the late case of Glover v. Paine, 19 Wend. 518, a similar •question was presented, and the court held, that the mere fact of a ■ conveyance of land, and an agreement for a reconveyance at a future -day, at an advanced price, at the election of the grantor, afforded no evidence of an intention that the deed should he considered a mortgage, though the question might have arisen, had the deed been given for a pre-existing debt, or on a loan of money, or had the grantor entered into an obligation to repay the consideration money expressed in the deed.
Bill dismissed.