LORING DELANO *et al.*, plaintiffs in error, *v.* LEVI H. ROOD, defendant in error.

## *Error to La Salle.*

A. being embarrassed and pressed for money, and being the proprietor of certain real estate, was told by B. that C. would like to purchase such real estate on the same terms that he heard another person had purchased from A. and B., to wit: upon receiving a guaranty that the estate should rise in value fifty per cent. per annum. A. offered the same to C., who refused to purchase, saying that he had no confidence in the property. A. then said that he wanted to raise $500, and would sell C. to that amount, and guaranty a rise of fifty per cent. a year for two years. C. replied, that if he would procure B. to become a guarantee to that effect, he would advance the sum required, and that A. might select the lots. A. selected and conveyed a lot by a deed of warranty, received the money and entered into a bond with B. to C., which contained the following recital and condition, to wit: The said C. being seized in fee of the following town lot, (describing it,) if the said C. shall, on the 11th day of May, A. D. 1839, tender to the said A. and B., or in case of their absence, deposit with the clerk of the Circuit Court of La Salle county, a good and sufficient deed of the aforesaid mentioned lot, the said A. and B. shall pay to the said C., his heirs, executors, or administrators, the sum of $1000. It is agreed that if the said deed is not tendered as aforesaid, or deposited as above mentioned, this agreement is to be void: *Held* to be a clear case of usury; *Held*, also that the deed, bond, &c., should be taken together, and construed as one contract.

Any contract or assurance for the loan or forbearance of money, or any other thing, upon which a greater rate of interest has been *directly* or *indirectly* reserved, discounted or taken, than twelve per cent. per annum, is usurious under the statute.

If one man is bound by contract to pay another more than twelve per cent. per annum for a loan of money, such contract is *directly* within the statute of usury. If the transaction is attempted to be covered up by a pretended sale, then it is *indirectly* within the statute.

*Held*, that the deed and bond, construed together, were merely a mortgage to secure the money advanced with exorbitant interest.

The question whether a transaction is a sale or a loan, is usually a question to be determined from the evidence by the jury; but when, as in this case, the evidence made out a case of loan, however denominated, or however attempted to be disguised, Courts have uniformly declared such cases usurious.

When a purchaser, at the time of sale, reserves to himself the right of returning the specific thing purchased, and then of compelling the vendor to repay the consideration with more than lawful interest, the transaction is usurious.

THIS was an action of *covenant*, and was heard in the Court below at the November term 1841, before the Hon.

Thomas Ford and a jury. A verdict was rendered for the plaintiff for the sum of $1149. The defendants brought the cause into this Court by writ of error. The material facts will appear in the Opinion of the Court.

*J. Butterfield,* for the plaintiffs in error, contended that to render a transaction of the nature of the one in evidence before them, valid, when the defence of usury is interposed to the same, the principal money, or property advanced, must be hazarded upon some contingency other than that arising from the solvency of the obligors to the bond. *Hall* v. *Haggart,* 17 Wend. 280 ; *Colton* v. *Dunham,* 2 Paige, 267.

The bond was, in legal effect, equivalent to an absolute bond for the payment of $1000. The condition, on which the money was to be paid, was wholly in the power of the defendant in error. It enhanced the value of the bond to him. Its effect, where the language is not ambiguous, is clearly a question of law. *Cram* v. *Hendricks,* 7 Wend. 587.

The transaction is usurious *per se,* and in such a case the intent is an inference of law from the facts proved. *Aliter,* the intent is material, and is a question of fact for the jury. A contract may be usurious, even where the parties did not so intend; the corrupt agreement constitutes the offence. *N. Y. Fire Ins. Co.* v. *Ely,* 2 Cowen, 704–7; *Cram* v. *Hendricks,* 7 Wend. 587.

Even if this was not an usurious contract, the plaintiff below was only entitled to recover back the amount he advanced. The deed and bond constitute merely a mortgage, being one and the same transaction. Parol evidence may be received to prove a deed or sale, absolute on its face, a mortgage only. *Glover* v. *Payn,* 19 Wend. 518; *Strong* v. *Stewart,* 4 Johns. Ch. R. 167; *Palmer* v. *Gurnsey,* 7 Wend. 248.

The damages are excessive. The value of the lot should have been deducted from the amount due on the bond. *Shannon* v. *Comstock,* 21 Wend. 427.

*O. Peters,* and *J. A. McDougall,* for the defendant in error: No contract is usurious *per se,* except for the loan or forbear-

ance of money or property. Where the terms are not used, but it is necessarily a loan, then it is usurions *per se*; a fact to be determined by the jury. *Beete* v. *Bidgood*, 14 Eng. Com. Law R. 82; *Spurier* v. *Mayos*, 1 Vesey, 527; *Doe*, &c. v. *Gooch*, 5 Eng. Com. Law R. 418; *Doe*, &c. v. *Brown*, 3 do. 109, a case in point; *Hall* v. *Haggart*, 17 Wend. 280.

To establish usury, there must be a loan or forbearance of money. The design to loan must be apparent from the agreement, or facts connected with it. *Lloyd* v. *Scott*, 4 Peters, 205, 223; 7 Comyn's Dig. title *Usury*, 621 ; 7 Bac. Abr. 194.

The authorities cited by the counsel for the plaintiffs in error, from 2 Paige, 267, and 2 Cowen, 704–7, are not adverse to positions taken by the defendant in error.

In all the cases he has cited, there was a *loan* at certain rates per annum.

There cannot be usury, where there is a risk, or any extraordinary hazard.

The Opinion of the Court was delivered by

SHIELDS, J.* THIS is an action of *covenant*, commenced in the Circuit Court of La Salle county, at the November term thereof, 1839, by Levi H. Rood against Loring Delano and Charles Hayward. The declaration contains two counts. The first count declares that the said Delano and Hayward, on the 11th day of May, 1837, at Ottawa, in the county of La Salle, executed and delivered a bond of that date to the said Rood, whereby it was agreed between them as follows, to wit: "The said Levi H. Rood being seized in fee of the following town lot, in Ottawa Centre, viz: lot No. one (1), in block No. nineteen (19). If the said Rood shall, on the 11th day of May, in the year of our Lord 1839, tender to the said Delano and Hayward, or, in case of their absence, deposit with the clerk of the Circuit Court of La Salle county, a good and sufficient deed of the aforesaid mentioned lot, the said Delano and Hayward shall pay to the said Rood, his

*CATON, J. did not hear the argument, and gave no opinion, having been of counsel in the Court below.

Delano *et al. v.* Rood.

heirs, executors, or administrators, the sum of $1000. It is agreed·that if the deed aforesaid is not tendered as aforesaid, or deposited as above mentioned, this agreement to be void." The second count is substantially the same as the first, and both aver a tender of the deed, and a failure to pay the sum of one thousand dollars. There are several pleas, but the fifth, sixth and seventh need only be noticed. They set up the defence, that the bond in suit was executed for an usurious consideration.

The cause was tried at the November term 1841, and a verdict found for the plaintiff for $1149. The defendants moved the Court for a new trial, which was overruled, and judgment rendered upon the verdict.

The bill of exceptions sets forth, that on the trial of the cause, after the plaintiff had given the bond in evidence, and proved the tender of the deed according to its provisions, the defendants proved that some time before the execution of the bond, Hayward had a conversation with Rood, in which he, Hayward, proposed to sell to Rood, real estate in Ottawa Centre; that Rood declined purchasing, but stated to Hayward that he would like to purchase on the same terms that he had heard that one Sebo had purchased from Hayward and Delano, viz., upon receiving a guaranty that the property shall rise in value at the rate of fifty per cent. per annum; that Hayward subsequently communicated the substance of this conversation to the defendant, Delano, who was at the time embarrassed and pressed for money; that the defendant, Delano, shortly after applied to Rood to purchase from him Delano's real estate in Ottawa Centre; that Rood refused to buy, alleging as a reason, that he had no confidence in town property; that Delano stated that he wanted to raise five hundred dollars, and would sell to Rood property to that amount, and guaranty a rise of fifty per cent. a year for two years; that Rood replied, that if Delano would give him a guaranty of that nature, and procure the defendant, Hayward, to go in with him, so as to make him, Rood, secure, (as he was acquainted with Hayward, and had confidence in his word,) he would purchase, and advance the five hundred

dollars, and that Delano might select the lots to put in the deed; that, in pursuance of the agreement, the lot mentioned in the deed was designated and selected by Delano, and approved by Rood, and a warranty deed of the same executed by Delano and wife to Rood, and the bond, hereinbefore set forth, executed by Delano and Hayward to Rood, and the said sum of five hundred dollars paid by Rood to Delano. The deed and bond were delivered, and the money paid at the same time. There was no other consideration for the bond. The cash value of the lot, at the date of the execution of the bond, was from two hundred and fifty to three hundred dollars, and that Hayward, at the time, represented to Rood that it was worth $500; that Rood, in making the purchase, relied upon the guaranty of the bond. The foregoing was all the evidence given in the case.

Exceptions were also taken to the ruling of the Court in giving and refusing instructions; but, as the reversal of the judgment is based on the ground that the verdict was manifestly contrary to evidence, it is unnecessary to notice the instructions.

The whole transaction, including the making of the bond, deed, &c., is to be taken together, and construed as one contract, *Bailey* v. *Cromwell*, 3 Scam. 72; *Duncan* v. *Charles*, 4 do. 566; and this Court is called upon to determine from the facts and circumstances of the case, as given in evidence, whether this contract is usurious. Any contract or assurance for the loan or forbearance of money, or any other thing, upon which a greater rate of interest has been *directly* or *indirectly* reserved, discounted or taken, than twelve per cent. per annum, is usurious. Gale's Stat. 343; R. L. 349. This embraces every imaginable case, every device by which an usurious loan is attempted to be disguised. If one man is bound by contract to pay another more than twelve per cent. per annum for a loan of money, such contract is *directly* within the statute of usury. If the transaction is attempted to be covered up by a pretended sale, then it is *indirectly* within the statute. How is it with the present case? Rood first refused to purchase any real estate. He next consented

Delano *et al. v.* Rood.

to purchase, upon receiving a guaranty that it would rise in value for two years, at the rate of fifty per cent. per annum, and that Delano would then take the same back, and repay Rood the consideration with interest at the rate of fifty per cent. per annum. This is no sale. It wants one of the principal constituents of a sale: it is not binding upon Rood. He takes a conveyance of the lot, it is true; but takes a bond at the same time, that, upon a reconveyance of that same lot, he shall be repaid the sum advanced with usurious interest. The deed and bond, construed together, are merely a mortgage to secure to himself the money advanced, with exorbitant interest. *Glover* v. *Payn,* 19 Wend. 518. It comes almost literally within the definition of usury already given. The deed and the bond are the *assurance* which Rood takes for the advance or loan of $500, by which he reserves to himself interest at the rate of fifty per cent. per annum, and no contingency could happen which would enable Delano to compel Rood to retain the property. There is no contingency in the case but his own simple election. In *Hylle* v. *Logan,* 1 Marshall, 529, the Court says, "that if, upon an application to borrow money, a contract for purchasing property at a low price is made, with the privilege of re-purchasing it at a price enhanced beyond the statute of usury, (the first purchaser running no real hazard,) it will be considered a device to evade the statute of usury." This applies exactly to the present case. In *Butt* v. *Bondurant,* 7 Monroe, 323, the Court says, "if such a contract were permitted to stand, the statute against usury would be a dead letter. It would only be necessary to follow the loan with a conditional sale of property at half price; and, whether the borrower restored the money, or paid for it in the estate bought, he would still have to pay usury, and endure oppression, which is the very evil the law intended to avoid." This is the language used by the Court in relation to a conditional sale to secure the repayment of money. In the case under consideration, there was in reality no sale, because Rood retained in himself the power to return the lot, without any condition or contingency except his own mere pleasure. It matters not what name may have been given to the transaction, or how it may appear

mystified by the intricacy of the mode in which the parties managed to involve it; yet, when analyzed with slight attention, it will require very little acuteness to discover that it was simply a loan of $500, the lender taking, at the same time of making the loan, both a lot of land and a bond, as security for the repayment of the same with usurious interest.

In many of the cases cited in the argument, the question, as to when a sale, whether absolute or conditional, constituted a cover for the usurious transaction, has been discussed, and the Courts, in such a case, have always left it to the jury to determine whether the transaction was a sale or a loan; or, in other words, when the facts proved showed a sale, the Court would, nevertheless, leave it to the jury to scrutinize the intent, and determine whether it might not be a loan; but when, as in this case, the evidence made out a case of loan, however denominated, or however attempted to be disguised, Courts have uniformly declared such cases usurious. Such is the conclusion from the authorities. *Hall* v. *Haggart,* 17 Wend. 280; *Colton* v. *Dunham,* 2 Paige, 272. These cases sustain the principle, that when a purchaser, at the time of sale, reserves to himself the right of returning the specific thing purchased, and then of compelling the seller to repay the consideration with more than lawful interest, the transaction is usurious.

With the policy of usury laws we have nothing to do. They may be of very doubtful utility. Legislation should be slow to interfere with the right of private contract. In cases of fraud and oppression, Courts of Equity could always afford ample relief: but, while such laws are in existence, it is the duty of Courts to enforce them, and discountenance every attempt to evade them. The evidence in the present case makes out a clear case of usury. The new trial should, therefore, have been granted.

The judgment of the Court below is reversed with costs, and the case remanded.

The following dissenting opinion was delivered by

Scates, J. I cannot agree to the precedent that will be set by the decision of the Court in this case, holding that a

Delano *et al* v. Rood.

contract of sale and re-sale of land upon a guaranty of an advance of the property at the rate of fifty per cent. per annum, or a re-purchase at an advance of one hundred per cent. in two years, is usurious.

To apply the principles of law applicable to cases of usury, I will first repeat the definition laid down in the Opinion of the Court. Any contract for the loan or forbearance of any money, goods, or things in action, whereby any person shall reserve, discount, or take, directly or indirectly, in money, goods, or things in action, more than twelve per cent. per annum, upon one hundred dollars for one year, or at that rate for a greater or less sum, or for a longer or shorter period, is deemed to be usurious. 1 Vesey, Jr. 531.

I would first lay it down as a settled rule in these cases, that the question, whether the contract is one for a loan or forbearance, or a *bona fide* sale, is a question of fact for the determination of a jury; whether it be a merely colorable sale, to cover a real loan or forbearance, is a question of fact for a jury. The finding of the jury, unless manifestly against the weight of evidence, is conclusive of the fact, as in other cases. *Hall* v. *Haggart,* 17 Wend. 284; *N. Y. Fire Ins. Co.* v. *Ely,* 2 Cowen, 706; *Doe, &c.* v. *Gooch,* 5 Eng. Com. Law R. 418; *Doe, &c.* v. *Brown,* 3 do. 110. These authorities will suffice to show that it is a question of fact for the jury, whether the transaction was a loan, in fact, or colorably, or a sale. If it were a sale, no inadequacy of price will make it usurious; nor would exorbitancy of price. If this transaction was a sale, it is good; if a loan, it is usurious. *Doe, &c.* v. *Brown,* 3 Eng. Com. Law R. 110; *Doe, &c.* v. *Gooch,* 5 do, 418; *Beete* v. *Bidgood,* 14 do. 82. The intention of the parties, therefore, became very essential; for it must be governed by the intention of the parties, whether they intended a sale or a loan. *Doe, &c.* v. *Brown,* 3 Eng. Com. Law R. 110; *Lloyd* v. *Scott,* 4 Peters, 220; *N. Y. Fire Ins. Co.* v. *Ely,* 2 Cowen, 706. These transactions, when once shown to be loans, cannot be sustained, however diversified and ingenious the devices may be to evade the statute. For instances of

many shifts to evade the law, see 7 Bac. Abr. title *Usury,* (C), 190 to 198; 4 Peters, 220; 1 Vesey, 528.

There are several cases so much in point, that I advert to them more at length. In *Beete* v. *Bidgood,* 14 Eng. Com. Law R. 80, (S. C. 7 Barn. & Cres. 453,) the transaction was for the purchase of land, and the Court concluded that it was a sale upon an agreement founded upon what was considered partly as the present price of the estate, and partly upon what was considered its price, if paid for at a future day. It was not, therefore, usurious; for the Court would look, not at the form and words, but to the substance of the transaction.

*Doe, &c.* v. *Gooch* was the case of the assignment of a building lease for ninety nine years, at a rent of one hundred and eight pounds, for the sum of two thousand, three hundred pounds, and at the same time an agreement to re-take the premises at a rent of three hundred and ninety five pounds, with liberty to re-purchase the lease upon re-payment of two thousand, three hundred pounds. It was left to the jury to say whether it was a purchase or a loan; the jury found it to be a purchase. The King's Bench affirmed the judgment; for, although it appeared that the leased premises were not worth more than one thousand pounds, and a rent had been been reserved of three hundred and ninety five pounds, yet the jury had found it to be a sale. 3 Barn. & Ald. 664; 5 Eng. Com. Law R. 418.

*Doe, &c.* v. *Brown,* was this: Wilson applied to and obtained a loan of eight hundred pounds of Bromley, and was to pay him eighty pounds for the same for six months; and if not paid, Bromley might sell the premises which were conveyed to him by Wilson, by an absolute deed. Wilson, wanting more money, applied to Metcalf, and stated to him this transaction. Metcalf agreed to give him twelve hundred pounds, paying out of it to Bromley his money, and take an assignment of the premises from Bromley. He did so, and took an assignment, paying Wilson the balance of the twelve hundred pounds. At the same time Wilson agreed to re-purchase of Metcalf, and he, to sell the premises to Wilson, at fourteen hundred pounds, provided the purchase was made within

Delano *et al. v.* Rood.

fourteen months.   The jury found this transaction to be a sale and not a loan; and the Court sustained the verdict.   It was contended, as in this case, that this was mere machinery for the advance of money, although it has the form and complexion of a sale.   The Court say: " With respect to the objection to the contract between Wilson and Metcalf, that the former should re-purchase, and the latter re-convey by a given day, I am of opinion that it is not usury.·  Wilson sells for twelve hundred pounds, and is to re-purchase at a large advance: this is a circumstance to raise a suspicion, whether the whole transaction is not colorable; but it is not an usurious contract on that account merely.   If a sale were intended, it is a valid contract; if nothing were meant but a loan of money, it is void.   The question is, whether it be a loan or a sale of the premises.   The agreement by Wilson to re-purchase, at all events, looks like a loan.   But it is a question for the jury as to the real intention of the parties."   1 Holt, 295; S. C. 3 Eng. Com. Law R. 110.

The position, for which I contend, does not in the least conflict with the law, as laid down in the other authorities cited on the argument.   In some of those cases, the question was originally presented in a Court of Chancery, where the Court passed upon, and found the facts of the case—in others, juries returned a special verdict.   But in no case similar to this, have the Court disturbed the verdict of the jury.   Much less should they do so in this case; for when, by our statute, usury is put in issue by the pleadings, the defendants are made competent witnesses.   They were accordingly sworn and testified; and no one would suppose them inclined to suppress any important fact.   Yet they have not said one word about there being an application for a loan by defendant, or of a loan being made.   Surely, if such had been the intention of the parties, the witnesses would have mentioned it.   The Court should be the less inclined to declare this an usurious contract, simply from its nature and character, because the defendant here is liable to, and must forfeit three times the amount of usurious interest, one third of which goes to the plaintiffs.   He will lose his whole principal, and double as

much more; and the plaintiffs will make a thousand dollars out of property worth, as stated by the witnesses, two hundred and fifty, or three hundred dollars. With this opportunity to plaintiffs to disclose the whole transaction, and the sum of five hundred dollars as a reward of making it usurious, no one can believe they would not have spoken of a loan in their testimony, if one had been made. But they simply give the naked transaction, during all the negotiation about which, the parties never speak of a loan, but only of a sale and re-sale at an advance.

It seems to me, from the view taken of it by the Court, that they decide in substance, that such a contract or purchase and re-sale at an advance, is to be taken as conclusive evidence of an usurious loan, notwithstanding a jury have found that it was a contract of sale. In the cases I have referred to, the Court of King's Bench held differently.

I am of opinion that the judgment ought to be affirmed.

THOMAS, J. concurred in the dissenting opinion.

*Judgment reversed.*