(89 App. Div. 125.)

## HOSCHKE v. HOSCHKE et al.

(Supreme Court, Special Term, Kings County. December, 1903.)

1. MORTGAGES—PRIORITIES.
   Where at the time a deed to certain property was executed a grantee executed an instrument agreeing to reconvey to the grantor on the payment in one year of the consideration named in the deed with interest, though they are to be deemed a mortgage, if they are never recorded as such, a mortgage subsequently executed by the original owner of the fee before the deed, but recorded after it, has priority.

Action by Elizabeth Hoschke against Marie Hoschke and others to foreclose a mortgage. Judgment for plaintiff.

Charles F. Ayer, for plaintiff.
William Man, for defendants.

¶ 1. See Mortgages, vol. 35, Cent. Dig. § 371.

GAYNOR, J.  The plaintiff's mortgage was made on April 20th, 1897, but not recorded until August 23rd, 1900.  Meanwhile, by a deed dated March 15th, 1900, and recorded the same day, the owner conveyed the land to the defendant Fleischman for a consideration of $1,100 expressed in the deed.  The complaint alleges that the said deed, though purporting on its face to be an absolute conveyance, was in fact made and delivered as a mortgage to secure a loan, and that a sealed written instrument to that effect was simultaneously executed and delivered by the grantee to the grantor; and as such deed and paper were never recorded as a mortgage, the plaintiff asks that her mortgage be adjudged to have priority over the same.

If the said subsequent deed of conveyance was in fact given as a mortgage, then its record as an absolute deed of conveyance, instead of as a mortgage, secured for it no priority over the plaintiff's mortgage.  Brown v. Dean, 3 Wend. 208; James v. Morey, 2 Cow. 246, 14 Am. Dec. 475; Gillig v. Maass, 28 N. Y. 191.

The sealed instrument executed back by the grantee to the grantor is that:

"Whereas the party of the second part has this day conveyed to the party of the first part [describing the land], for the sum of $1,100, now this agreement witnesseth that the said party of the first part hereby agrees that if the said party of the second part shall pay to him, the said party of the first part, the sum of $1,100, with interest, on or before the expiration of one year from the date hereof, he will reconvey the premises described in said conveyance to the said party of the second part."

This covenant has the same effect as though it were in the deed of conveyance.  If it were that if the party of the second part should pay the sum mentioned to the party of the first part within one year, then the deed of conveyance should become void and of no effect, there could be no question but that the deed would be a mortgage.  This would be the regular defeasance clause, and would leave no room for dispute.  The agreement to reconvey instead of for a defeasance is the same.  To say otherwise would be to recognize a distinction for which even technicalities afford no room.  The requirement of a reconveyance is only to formally satisfy the mortgage.  It does not imply that there was an absolute conveyance.  The amount to be paid by the grantor in order to be entitled to a reconveyance is the same as the consideration paid to him for the conveyance, and which is expressed therein.  I am for that reason of opinion that the two instruments of themselves show that the conveyance was not absolute, but only given as security for a loan or a debt.  If the instrument for a reconveyance required the payment of a substantially larger sum than that mentioned as the consideration in the conveyance, the case would be different.

This case is very different to the cases of Baker v. Thrasher, 4 Denio, 493, and Macaulay v. Porter, 71 N. Y. 173.  There, not only was there no technical defeasance clause (as is also the case here), but there was no requirement of a reconveyance.  On the contrary, the title was never to come back; the grantee was to sell and convey the property, and account to the grantor for the proceeds over and above a specified sum, which made a trust relation.  The case of

Holmes v. Grant, 8 Paige, 243, was the same, as was also the case of
Palmer v. Gurnsey, 7 Wend. 248, though it was erroneously decided
the other way. There are other cases not exactly but quite close in
point. Peterson v. Clark, 15 Johns. 205; Brown v. Dean, 3 Wend.
208; Stewart v. Hutchins, 13 Wend. 485.

The oral and written evidence dehors the conveyance and the agree-
ment for a reconveyance show that the transaction was a loan, and that
the conveyance was taken as security therefor. Instead of a formal
mortgage, the method of a conveyance and a separate agreement to
reconvey was adopted so that the grantee might be in possession and
control of the property; but that the grantor retained a right to re-
deem is beyond question, whether we look to the formal papers evi-
dencing the transaction, or to the evidence dehors, and a right to re-
deem cannot be forfeited or lost even by an agreement that a default
shall have that effect. A foreclosure would still be necessary in order
to get absolute title. "Once a mortgage, and always a mortgage."
Clark v. Henry, 2 Cow. 324; Holmes v. Grant, 8 Paige, 251.

Judgment for the plaintiff.