## BAKER *vs.* THRASHER.

A. conveyed lands to B. by an absolute deed.  B. on the same day executed a covenant to A. reciting that the conveyance was made for the purpose of *paying* a sum of money which was specified, and covenanting that he would not convey the premises within one year without the consent of A., and if A. within that time should find a purchaser, he (B.) would convey to such purchaser, on receiving the amount with interest for which the land had been conveyed to him ; and that in case such sale should not be made within the year, it should then be submitted to certain persons named to determine what additional sum B. should pay A. for th land, which sum B. covenanted to pay ; *held* that the transaction did not amount to a mortgage, and that B. was entitled to recover in ejectment against A., for the land.

The case of *Palmer* v. *Gurnsey*, (7 *Wend.* 248,) commented on and disapproved.

EJECTMENT for two village lots in the village of Avon, tried at the Livingston circuit in October, 1844, before WHITING, Cir. Judge. On the 1st of October, 1839, the defendant conveyed the lots in question to the plaintiff by an absolute deed, with covenant of warranty. On the same day the plaintiff executed a covenant to the defendant, by which it was recited that the defendant by a computation that day made had been found indebted to the plaintiff in the sum of $1160,25 : that there was a judgment in this court in favor of Bush & Bryant against the defendant and his brother Francis Thrasher, on which was then due $246,16, making in all $1406,41 : and reciting also, that for the purpose of *paying* the last mentioned sum the defendant had conveyed the lots to the plaintiff, making reference to the deed : the plaintiff then covenanted with the defendant that he would pay off and satisfy the aforesaid judgment, and cause the same to be satisfied of record ; that during the term

of one year he would not convey the lots to any one withou the consent of the defendant; that during the year the defen- dant might find a purchaser and negotiate a sale of the lots, and on the defendant's paying or causing to be paid to the plaintiff the said sum of $1406,41 with interest thereon, the plaintiff would ratify and confirm any sale the defendant might make, and would convey the premises in satisfaction and con- firmation thereof; and that the defendant should receive and be entitled to the proceeds of the premises after paying the plaintiff therefrom the said sum of $1406,41 and interest. And the plaintiff further covenanted that in case the premises should remain unsold as aforesaid at the expiration of the year, it should be and was thereby submitted to Asa Nowlen, George Hosmer and Amos Dann, to determine what further sum the plaintiff should pay the defendant for the premises with such improve- ments as the defendant might make thereon in the meantime. Provision was made for supplying vacancies by the death or absence of any of the arbitrators; and it was agreed that the decision of any two should be final between the parties. And the plaintiff covenanted that he would pay the defendant all such sum or sums as should be awarded. The award to be made within five days after the end of the year.

The defendant insisted that the deed and covenant taken together amounted to a mortgage; and therefore the plaintiff could not recover in ejectment. Overruled.

The defendant then offered to prove that the consideration expressed in the deed was usurious. Evidence rejected. Ver- dict for the plaintiff. The defendant moves for a new trial on a case.

*N. Hill, Jr.* for the defendant, cited 1 *R. S.* 756, § 3; 15 *John.* 205; 3 *Watts*, 288; 13 *Wend.* 485; 6 *Hill*, 143, *S. C. in error ;* 7 *Wend.* 248; 4 *Pick.* 349; 5 *Bin.* 499; 8 *Paige.* 243; 3 *Wend.* 208.

*A. Taber,* for the plaintiff, cited 3 *Hill*, 95; 6 *id.* 219; 26 *Wend.* 29; 19 *id.* 518.

Baker *v.* Thrasher.

*By the Court,* BRONSON, Ch. J. These two instruments must undoubtedly be read and construed together : but they do not make a mortgage. A mortgage is a conveyance of lands, upon a condition in the deed, or a defeasance out of it, that on the grantor's paying a sum of money, or doing some other act, the conveyance shall be void ; and performance of the condition, without any other act, puts an end to all title and interest in the grantee. Some modern cases have held, and such are cited at the bar, that although there be no condition or defeasance under which the deed may be avoided, but only a collateral agreement that the grantee will *re-convey* to the grantor on payment of the money, the transaction amounts to a mortgage. But this is not a case of that kind. There was no condition or agreement under which the title could ever become revested in the grantor. It was to remain in the grantee, or the person to whom he should convey in pursuance of the covenant. And besides, the conveyance to the plaintiff was not by way of *security* for the debt which the defendant owed the plaintiff ; but in *payment* of the debt. No debt or duty of any kind remained upon the defendant. It was in any and all events a sale of the land. It was a sale for the consideration of $1160,25, which the defendant then owed the plaintiff, and which debt was satisfied by the conveyance ; and the further consideration of the covenants which the plaintiff made to pay off the judgment, and give the defendant any better price which could be obtained for the land within a year ; and if the land should not be sold within the year, then to pay the defendant such further sum for the land as might be determined by the award of arbitrators. It is impossible to hold that this is a mortgage, or any thing in the nature of a mortgage. I see no ground on which the decision in *Palmer* v. *Gurnsey,* (7 *Wend.* 248,) can be supported. But it is enough for the present to say, that the case is not precisely in point.

If this was not a mortgage, it was agreed by the counsel that the offer to prove usury in the consideration was properly rejected.

New trial denied.