ANTOINETTE MACAULAY, Appellant, v. SAMUEL D. PORTER et al., Respondents.

Where, at the time of the execution and delivery of a deed in fee of lands, and payment of the stipulated consideration, a written agreement is executed by the grantee, as part of the transaction, obligating him to account to the grantor for a portion of the profits which may be realized by him on a resale of the premises if made within a specified time, and requiring him to sell if a specified price can be obtained, such an agreement is not inconsistent with the vesting of the title ; the conveyance is not a mortgage, but a deed, and should be recorded as such.

The provision of the recording act providing that a deed, although absolute in terms, which, by any other written instrument, shall appear to have been only intended as a mortgage, shall be considered as such, and that no advantage should be derived from the recording thereof, unless every writing "explanatory of its being designed to have the effect only of a mortgage or conidtional deed, be also recorded therewith" (1 R. S., 756, § 3), does not require that every conveyance of land upon condition shall be recorded as a mortgage, or that any condition annexed to a grant shall make it a mortgage ; it refers only to those conditions which are analogous to those of a mortgage—*i. e.*, by which, if certain acts are performed, the deed shall not operate, but shall become void.

*Palmer* v. *Gurnsey* (7 Wend., 248), distinguished and questioned.

(Argued October 3, 1877 ; decided November 13, 1877.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming

a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts are set forth sufficiently in the opinion.

*John Van Voorhis*, for appellant. The deed to Porter is to be read as if the defeasance and $500 note were contained in its provisions. (2 Washb. on R. P., 46; *Cooper* v. *Whitney*, 3 Hill, 95; *Wing* v. *Bailey*, 37 Vt., 178; *Bailey* v. *Bailey*, 5 Gray, 505; *Van Hagen* v. *Van Rensselaer*, 18 J. R., 422; 1 R. S. [Edm. ed.], 708, § 3; *Cornell* v. *Todd*, 2 Den., 130; *Coddington* v. *Davis*, 1 Comst., 186; *Pepper* v. *Haight*, 20 Barb., 435; *Thomas* v. *Austin*, 4 id., 265; *Rogers* v. *Kneeland*, 10 Wend., 218.) The deed to Porter was not an absolute conveyance, but a mortgage. (Gerard's Titles to R. E., 536; *Palmer* v. *Gurnsey*, 7 Wend., 248; *Horn* v. *Ketellas*, 4 N. Y., 605; *Elliott* v. *Wood*, 45 id., 71; 59 Barb., 265; *Clark* v. *Henry*, 2 Cow., 324; *Slee* v. *Manhattan Co.*, 1 Paige, 9; *Whittick* v. *Kane*, id., 202; *Van Buren* v. *Olmstead*, 5 id., 9; *Holmes* v. *Grant*, 8 id., 243; *James* v. *Johnson*, 6 J. Ch., 417; *Peterson* v. *Clark*, 15 J. R., 205; *Glover* v. *Payn*, 19 Wend., 518; 2 Edw., 138; *Garnsey* v. *Rogers*, 47 N. Y., 248; *Whitney* v. *Townsend*, 2 Lans., 249; *Robinson* v. *Cooper*, 2 Edw., 138; *Quick* v. *Rodman*, 5 Duer, 285; *Poindexter* v. *McCannon*, 1 Dev. Eq., 273; *Dey* v. *Dunham*, 2 J. Ch., 181; *White* v. *Moore*, 1 Paige, 551; *Gillis* v. *Martin*, 2 Dev. Eq., 470; 4 Kent's Com., 151; *Murray* v. *Walker*, 31 N. Y., 399; *Henry* v. *Davis*, 2 Cow., 324; *Lawrence* v. *F., L. & T. Co.*, 13 N. Y., 214; *Brown* v. *Dewey*, 1 Sand. Ch., 65, 72, 73; *Ogden* v. *Grant*, 6 Dana, 473; *Decker* v. *Leonard*, 6 Lans., 264; *Willet* v. *Winnell*, 1 Vern., 488; *Seton* v. *Slade*, 7 Ves., 273; *Strong* v. *Stewart*, 4 J. Ch., 167.)

*F. L. Durand*, for respondent. The deed and stipulation, read together, import on their face a sale, and not a mortgage. (*Saxton* v. *Hitchcock*, 47 Barb., 220; *Brown* v.

*Dewey*, 2 id., 28; *Holmes* v. *Grant*, 8 Paige, 243; *Hawley* v. *Bennett*, 5 id., 104; *Glover* v. *Payne*, 19 Wend., 520; *Baker* v. *Thrasher*, 4 Den., 493; *Barret* v. *Carter*, 3 Lans., 68; 1 Hil. on Mort., 85, chap. 5; 10 Vt., 293; 14 Pick., 467; 7 Conn., 143; 8 Greenl., 246; 42 Ala., 477; 48 Ill., 100.) The distinction between an absolute conveyance, intended to be a mortgage merely and a conditional sale, is valid in law, and will be upheld by the courts. (*Hill* v. *Grant*, 46 N. Y., 496; *Fullham* v. *McCurdy*, 55 id., 637; *Baker* v. *Thrasher*, 4 Den., 493; *Whitney* v. *Townsend*, 2 Lans., 258, 259; *Holmes* v. *Grant*, 8 Paige, 243; *Edmendorf* v. *Lansing*, 5 Cow., 470; *Van Hagen* v. *Van Rensselaer*, 18 J. R., 443.) As the evidence tends to sustain the finding of the referee, that the parties to the deed did not intend it should be a mortgage, but a sale, it cannot be reviewed by this court. (*Ostrander* v. *Fellows*, 39 N. Y., 350; *Mason* v. *Lord*, 40 id., 476; *Whitney* v. *Townsend*, 2 Lans., 248, 249; *Horn* v. *Ketellas*, 46 N. Y., 611.) Plaintiff was equitably estopped from setting up her mortgage as against the respondent. (*Tyler* v. *Yates*, 3 Barb., 222; *Dennison* v. *Ely*, 1 id., 610; *Tilton* v. *Nelson*, 27 id., 595; *Town* v. *Needham*, 3 Paige, 545; *L'Amoreux* v. *Vischer*, 2 N. Y., 278; *Baker* v. *Suly*, 17 How., 297.)

RAPALLO, J. This action is brought to foreclose a mortgage, made by one Lucilla Tracy to the plaintiff, upon a lot of land in the city of Rochester. The mortgage was executed on the sixteenth of December, 1868; but at the request of Miss Tracy—the mortgagor—the plaintiff omitted to put it on record. Afterwards, in March, 1872, the plaintiff's mortgage being still unrecorded, Miss Tracy conveyed the mortgaged premises by deed to the defendant Porter, in fee. Upon this conveyance, the defendant Porter paid her in cash $1,300, and assumed the payment of a mortgage of $1,200, which was then a lien on the land. He also made her a loan of $500, for which he took her note. Porter had no notice of the existence of the plaintiff's mortgage. He caused his

deed to be recorded as a conveyance, on the day of its delivery to him, March 23, 1872. The plaintiff did not record her mortgage until May 6, 1873. She now claims that the deed to Porter, although absolute in form, was in fact only a mortgage, and should have been recorded as such; and that, having been recorded as a conveyance, Porter is not entitled to any advantage from the recording thereof, but that her mortgage, though not recorded until afterwards, is a prior lien upon the land.

The facts upon which this claim is based are, as found by the court upon the trial, that Miss Tracy applied to defendant Porter to make a sale of the land for her, which he was not able to do; that she then applied to him to purchase the land himself, which he agreed to do, and pay therefor $2,500 —$1,200 by assuming the existing mortgage, and $1,300 in cash—and further agreeing that he would sell the property within one year, at the discretion of Miss Tracy and himself, and divide the profits equally with her; and if not sold within the year, Miss Tracy's interest in the premises to cease; that before this arrangement was consummated, Miss Tracy ascertained that she needed more money, and Porter agreed to loan her $500 on her note, at one year; that in pursuance of this agreement, Miss Tracy executed and delivered the deed in question, and the parties at the same time executed a written agreement, under seal, as follows: " In consideration of the sale and conveyance of a lot, 44 feet front by 408½ feet deep, on the east side of Alexander street, by Miss L. Tracy to S. D. Porter, I, S. D. Porter, agree to take said property, subject a to mortgage to the Rochester Savings Bank, of $1,200; all other incumbrances and taxes to be paid off by Miss Tracy; and I will pay her in cash, $1,300, and I will sell the property, at her discretion and mine, within the year, and divide the profits equally. I will loan her $500, and take her note, to be paid within the year, or sooner if the property is sold. If the property shall be sold for $4,000 within four months, I will cancel the note and surrender it to her. The premises may be sold at the

option of either party for not less than $4,000.   If not sold within one year from date, all interest of Miss Tracy in the premises shall cease."

The court further found that such written contract contained the whole of the agreement between the parties in relation to the sale and conveyance of said premises, and that neither party thereto expected or supposed that the title would revert or be conveyed to Miss Tracy, or that she retained any right or interest therein, except her contingent right to one-half the profits on a sale by defendant Porter, if made within the year; that the premises were fairly worth about $3,500.

Upon these facts, the court held that the defendant Porter, under his deed took the fee of the land, subject to no other condition than that he should account to Miss Tracy for one-half the profits on a sale thereof if made within the year, and that the plaintiff's mortgage was void as to him.

It is difficult to see how the court could have arrived at any other conclusion.   The agreement was not a defeasance, which was to render the deed void on the payment of any sum of money, nor was there anything in the transaction in the nature of a mortgage.   Porter was not a creditor, taking the land to secure any debt.   No debt existed or was created in respect of the $2,500 paid for the property.   If the land had depreciated, Porter would have had no claim for reimbursement, nor was any privilege reserved to Miss Tracy to redeem it on payment of any sum.   These circumstances are of great importance in determining the character of the transaction.   There was no condition attached to the grant, upon which it was to become void and the property revert to the grantor.   The agreement clearly shows that the title was to pass to Porter; that he should have power of disposition over it, and that all he undertook to do was to account to his grantor for one-half of the profits which might be realized by him on a re-sale if made within the year, and that he would not sell within the year for less than $4,000 without the consent of Miss Tracy.   Such an agreement is not incon-

sistent with the vesting of the title in him, and to record such a deed and agreement as a mortgage would have been clearly improper. The language of the recording act is, that " every deed conveying real estate, which by any other instrument in writing shall appear to have been intended only as a security in the nature of a mortgage, though it be an absolute conveyance in terms, shall be considered as a mortgage, and the person for whose benefit such deed shall be made shall not derive any advantage from the recording thereof unless every writing, operating as a defeasance of the same, or explanatory of its being designed to have the effect only of a mortgage or conditional deed, be also recorded therewith and at the same time." It is contended on the part of the appellant that this deed, if not a mortgage, is a conditional deed, and therefore within the provision of the statute above cited. It cannot be pretended that the statute means that every deed conveying an estate upon condition shall be recorded as a mortgage, or that any condition being annexed to a grant shall make it a mortgage. It clearly refers to such conditions as are analogous to those of a mortgage, by which, if certain acts are performed, the deed shall not operate but shall become void; thus making the deed a security merely for the performance of such acts. There is nothing of this kind here. The deed was to stand under all circumstances, but the grantee bound himself in a certain event to account to the grantor for a portion of the proceeds. In no event was the deed to become void or the land to revert to the grantor. Assuming that the agreement created a trust, still the deed was properly recorded as a deed. The advance of the $500 did not change the nature of the transaction; that advance was expected to be re-paid out of Miss Tracy's share of the anticipated profits, and if the profits reached a certain amount and were realized within four months, the note was to be cancelled. The clause at the end of the agreement, stating that " if not sold within one year from date all interest of Miss Tracy in the premises shall cease," is relied upon as showing that notwithstanding the

deed Miss Tracy still retained a title or interest in the land. Such an interpretation would be contrary to the general tenor of the transaction. The interest referred to is clearly her interest in the profits to arise from the re-sale of the land. As well remarked in the opinion at General Term, the use of an insolated and inappropriate expression in an instrument cannot control in opposition to its plain meaning and intent.

The case of *Palmer* v. *Gurnsey* (7 Wend., 248), is relied upon as sustaining the plaintiff's views. But the facts of the case were very different. In that case there was an existing debt. The land was conveyed in consideration of the debt, which was evinced by a note. The note was surrendered. The agreement which was held to be a defeasance was that if the land should sell for enough to pay the amount of the debt and the prior mortgages on the premises and the trouble of the grantee, he would pay back to the grantor all the overplus. There was no limit of time for the sale, nor was the grantee to get anything out of it but his debt and the trouble of collecting it. The court held that this agreement showed that it was not the intention of the grantor to part with any more of his interest than enough to satisfy the plaintiff's debt and the prior mortgages, and therefore it was intended only as a security for the debt. This ruling would have led to the conclusion that the grantor might have redeemed, and it was applied to the case by holding that the debt was not extinguished by the conveyance though the note was surrendered, and that the payee might recover on the note, the whole value of the property having been consumed by the prior mortgages.

That case was, however, disapproved in the subsequent case of *Baker* v. *Thrasher* (4 Den., 493). In that case an absolute deed was accompanied by a covenant reciting that the deed had been given for the purpose of paying a debt, and agreeing that if the grantor should find a purchaser within a year, the grantee would convey to such purchaser for the amount of the debt and interest; but that if the sale should not be made within a year, the grantee would pay for

the land such additional sum as might be fixed by appraisers. It was held that this agreement did not make the deed a mortgage, there being no condition under which the title could ever be revested in the grantor, but it being intended to remain in the grantee or the person to whom he might convey. Such is the nature of the present case.

The equities between Porter and Miss Tracy are not before us. She might have compelled him to convey in conformity with the covenant, if a purchaser could be found within the year, but no question of that kind arises here. The only question is whether the deed was properly recorded as a deed, and we think the court below was right in holding that it was.

The judgment should be affirmed, with costs.

All concur, except FOLGER and MILLER, JJ., absent.

Judgment affirmed.