MARY ELLEN RANDALL, AS ADMINISTRATRIX, AND DANIEL H. GILMAN, AS ADMINISTRATOR, ETC., OF ISRAEL RANDALL, DECEASED, RESPONDENTS, *v.* JOSHUA C. SANDERS, APPELLANT.

*Deed — when it will not be treated as a mortgage — possession of vacant lots follows the title.*

William V. Brady and wife, by a deed dated December 5th, acknowledged December 8th and recorded December 12, 1837, conveyed to one Randolph, the plaintiffs' intestate, certain vacant lots in the city of New York. Randolph, by an agreement dated December 6th and recorded October 9, 1838, for and in consideration of one dollar, agreed to give Brady the right of pre-emption of the said lands, and that, if Brady, his executors, administrators or assigns should, within three years, pay to him the consideration named in the deed, with interest thereon at seven per cent, and all taxes and assessments paid by him, he would reconvey the premises to Brady, his heirs or assigns, free and clear from all incumbrances. On September 8, 1838, Brady assigned his interest in the contract to one Leonard, who was thereafter declared a bank-

rupt, and upon a sale of his estate, by his assignee, his interest in the premises was on November 27, 1872, purchased by the defendant.

In an action by Randolph to recover damages for a trespass upon the said lands committed by the defendant :

*Held,* that the deed to Randolph was not to be treated as a mortgage but as an absolute conveyance, and that the title to the lots was thereby vested in him.

That the lots being vacant and unoccupied, the possession followed the title, and that Randolph was entitled to maintain an action for trespass.

APPEAL from a judgment in favor of the plaintiff, entered upon a verdict directed by the court, and from an order denying a motion for a new trial made upon the minutes by the justice before whom the action was tried.

The action was brought to recover damages for a trespass committed by the defendant, upon certain vacant lots in the city of New York, which had been conveyed to the plaintiff's intestate by one William V. Brady, in 1837. By an agreement bearing date one day after that of the deed, Randolph agreed to give to said Brady the right of pre-emption of the lands herein described upon the terms hereinafter mentioned, and did therein covenant as follows : "I covenant and agree to and with said Brady as follows : That if he, his executors, administrators, heirs or assigns, shall and do at any time before the expiration of three years from the first day of May next, pay to me, my heirs, executors, administrators or assigns, a sum of money to be ascertained as follows and composed of these items, to wit : " (The consideration named in the deed and entered therein, and all moneys paid for taxes or assessments.) "Then in that case, I, my heirs, or assigns, shall and will without delay convey to said Brady, his heirs or assigns, by good and sufficient deed, and free of all incumbrances made or suffered by me, my heirs or assigns, except said two existing mortgages, all and singular," the said premises.

*Townsend & Mahan,* for the appellant.

*Gilman Marston,* of New Hampshire, for the respondents.

BRADY, J. :

This action was brought to recover damages for a tort committed in the lifetime of the deceased consisting of an unlawful entry and

trespass on certain premises owned by the intestate, who was known as Israel Randolph.

Several exceptions to the admission and rejection of evidence were taken upon the trial, but they were not argued on the appeal and were abandoned.

It appears from the evidence that a deed was executed by William V. Brady and wife to Israel Randolph, dated December fifth, acknowledged December eighth, and recorded December twelfth, 1837, for the consideration of $5,875, covering the *locus in quo.* It also appeared that on the sixth day of the same month Israel Randolph, in consideration of one dollar paid by Brady, the grantor, agreed to give Brady the right of pre-emption in the lands described in the deed mentioned, and by which agreement it was provided that if Brady or his executors, administrators or assigns should, at any time prior to the expiration of three years from the first of May then following, pay the sum of money to be ascertained as provided by the agreement, then that he would duly reconvey to said Brady, his heirs or assigns by a good and sufficient deed free of all incumbrances the *locus in quo.* It further appears that Brady assigned this contract to Willard Leonard, by assignment bearing date September 8, 1838, and recorded October ninth of the same year. It further appears that Willard Leonard was afterwards declared a bankrupt, and that upon a sale of the bankrupt's estate the assignee in bankruptcy conveyed to the defendant all the title and interest which the bankrupt had in the lands described in the said contract of pre-emption. The premises, *the locus in quo,* were vacant lots and had not been reduced to actual possession by Mr. Randolph during his lifetime.

The chief question in the case, notwithstanding that a great many others have been presented as appurtenant to it, is whether the deed of Brady to Randolph was a mortgage or in the nature of a mortgage given for the security of a debt.

The deed upon its face is absolute, and we fail to discover in the proof any evidence showing that it was designed to be a mortgage. The pre-emption instrument is not at all inconsistent with the vesting of title. It secured to the grantor the right to repossess himself of the property upon certain conditions, all of which were entirely consistent with the vesting of the title in the grantee.

The case is somewhat like the case of *Macaulay* v. *Porter* (71

N. Y., 173), and therefore unlike the case of *Horn* v. *Keteltas* (46 id., 605), in which it was held that the deed was delivered to and accepted by the defendant as security for the repayment of a loan which was made. The case of *Baker* v. *Thrasher* (4 Denio, 493), is one more like the case at bar. There it appeared that an absolute deed was accompanied by a covenant reciting that the deed had been given for the purpose of paying a debt to another person, and providing that, if the grantee should find a purchaser within a year the grantee would convey to such purchaser for the amount of the debt and interest, but if the sale was not made within a year the grantee would pay for the land such additional sum as should be ascertained as therein provided; it was held that this did not make the deed a mortgage. There was no condition under which the title could ever be revested in the grantor, the title being intended to remain in the grantee or the person to whom he should convey in pursuance of the covenant.

It was not questioned in the case at bar that the evidence did not establish the fact that the deed executed by Brady was intended as a mortgage. The pre-emption paper is in no way inconsistent with any such result. It may be inferred from the testimony that Brady, at the time of its execution, was embarrassed, which fact, doubtless, led to the sale of the property and he found a purchaser who was willing to reconvey the title and give him the benefit and advantage of any advance that might be made in the value of the property during the period for which the right to purchase extended.

Entertaining these views of the two instruments (and it must not be overlooked that the deed was executed before the pre-emption paper, and recorded before the latter was recorded) it follows that the title having vested absolutely in Randolph he was entitled to the possession of the land; and the title, the land being vacant, drew the possession after it upon well settled principles of law.

The defendant's purchase upon the sale of the bankrupt's effects gave him no other right than that which the bankrupt himself possessed, and he could not, therefore, enter upon the land and reclaim the title without having complied with the terms of the pre-emption agreement.

Randolph having the estate by virtue of the deed from Brady to him, and the premises being vacant, could maintain an action of

trespass. Possession of land is a prerequisite to the maintenance of such an action, but where lands are unoccupied possession follows the title. (*Rich* v. *Baker*, 3 Denio, 79; *Cowenhoven* v. *Brooklyn*, 38 Barb., 9; *Wood* v. *Lafayette*, 68 N. Y., 181.)

We think these views dispose of the case and that the judgment should be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.