## SUPREME COURT.

MARTHA A. COBURN agt. E. ELLERY ANDERSON and another.

*Deed absolute when not a mortgage — Conditional sale.*

The plaintiff, who was building seven houses in Fortieth street on which defendant B. had loaned money upon mortgages, conveyed, in February, 1874, two of the houses to A., for a consideration of $10,000, subject to three mortgages aggregating $59,000. A. soon after took possession and completed the two houses at his own charge, and then one of the houses was sold under foreclosure of one mortgage, and B., in the end, acquired title thereto. Afterward A. sold the other house to B., who is now the owner of the entire property. The plaintiff, who had not previously claimed the property, brought this action in 1880 to have the deed of 1874 declared to be a mortgage security, asserting, though there was no contemporaneous writing to that effect, that it was given as collateral for the loan, the houses to be sold when finished, and the $10,000 repaid with interest. This defendant A. denied, and testified that the conveyance was absolute, with the conditional right in plaintiff to effect a sale of the houses which would completely reimburse him (A.) at any time within eight months:

*Held*, that the deed was not intended as a mortgage, but as representing an actual sale, and the privilege extended to plaintiff to find a purchaser for the property never having been complied with, she lost all right or interest in the property.

*Special Term, July*, 1881.

TRIAL of issues of fact.

*Joseph Fettretcht*, for plaintiff.

*J. A. Bush* and *F. Hillan*, for defendants.

VAN VORST, J. — In order to justify a decree adjudging a deed absolute upon its face to be in fact a mortgage, or intended by the parties to be such, the proof should be reasonably clear and satisfactory. The deed, in the absence of any contemporaneous writing giving it a different character, is presumed to be such as upon its face it appears. And when

extensive parol evidence is relied upon to show that it was intended only as collateral security for a debt, the evidence should be explicit. It would not answer to rest a judgment, making a change so radical, upon doubtful evidence. The plaintiff in this case, who is the wife of Edward H. Coburn, in the month of February, 1874, by deed containing covenants of warranty, conveyed to the defendant Anderson, for the consideration of $10,000, two lots of ground in the city of New York with the buildings thereon. Her husband joined in the conveyance. The conveyance was made subject to certain covenants and conditions contained in a previous deed to the plaintiff's grantor, and also subject to three mortgages upon the premises, amounting to $59,500. The consideration of $10,000 was paid in money, in the manner directed by the plaintiff's husband, who represented her, and had the entire charge of the matter in so far as she was concerned.

The houses upon the lots were not fully completed when the conveyance was made and delivered, and the grantee, Anderson, shortly after the execution of the deed, and in the month of March, 1874, took possession of the property, and completed the houses at his own charge. As to one house and lot the same was afterwards sold under a decree in an action of foreclosure, instituted upon one of the mortgages, and the defendant Charles Banks in the end acquired title thereto. The other house and lot, the defendant Anderson afterwards, for a valuable consideration, conveyed to the defendant Banks, who is now the owner of the entire property. This action was commenced in the year 1880, and as its main object seeks a judgment declaring the deed of February, 1874, executed by the plaintiff to the defendant Anderson to be a mortgage security, and that the defendants, Anderson and Banks, be declared to be mortgagees only, and they shall account for the rents and income received, and that if it shall appear that the debt intended to be secured has been paid, that they be adjudged to reconvey the property to the plaintiff.

No contemporaneous writing is produced to change the deed from what it purports to be, and the plantiff's case rests upon the testimony of her husband. The substance of his evidence, in so far as it relates to this subject, may be shortly stated as follows: He was engaged in building seven houses on Fortieth street, including the two in question. The defendant Banks had loaned him money for this purpose, and had taken security by way of mortgages on all the houses and lots. Anderson was the attorney of Banks.

Coburn testifies that on an occasion in February, 1874, Anderson asked him if he had money enough to finish the houses, and that he replied that he would require a little, about $10,000; that Anderson asked him how he would secure him if he would loan him the $10,000; that his reply was that he would give a mortgage, as collateral security, on the two easterly houses, to which Anderson assented. That the parties afterwards met at the office of Banks, and that Banks proposed that a deed should be given as collateral instead of a mortgage, to which he assented, and that the deed was accordingly given. Coburn testified that no time was mentioned when the money should be paid back; but that when the houses should be sold, after they were finished, Anderson was to receive back, from the proceeds of sale, his $10,000 and interest, and that if there was any surplus it was to go to him (Coburn). That he never promised to repay the $10,000, and that he was not to pay if the houses did not realize enough to pay the sum advanced with interest, and the previous incumbrances. Coburn testified that he only was entitled to sell the houses; that Anderson was to hold on until a purchaser could be found to pay a consideration sufficient to satisfy all the incumbrances, including the advance of $10,000, leaving a surplus, and that no time was mentioned within which the houses should be sold. The defendant Anderson denies the statements of Coburn in every essential particular. He denies that he loaned, or agreed to loan, Coburn any money to complete the houses; but testifies that he agreed to take the two

houses in question subject to the incumbrances upon them for the consideration of $10,000 ; that it was, however, understood that if the property could be sold — and for that purpose Coburn was at liberty to find a purchaser — for a sum sufficient to pay all the incumbrances and reimburse Anderson his $10,000, with interest, that he (Anderson) would convey to such purchaser, and the surplus, if any, should be paid to Coburn.

Anderson understood that the conveyance to him was absolute ; that he intended and took it as such, with the conditional right in Coburn to effect a sale which would completely reimburse him at any time before the first day of November following, and he denies that the arrangement between him and Coburn was otherwise.

Mr. Banks was examined as a witness, but his testimony gives no support to the plaintiff's claim, but it rather sustains that of the defendant Anderson, in so far as he had any knowledge or recollection of the transaction.

The testimony of the witness Steinmetz is too indefinite to justify the court in saying that it supports the plaintiff's narration of the transaction. The testimony does not warrant the conclusion that the sum of $10,000 in the then condition of the buildings, and the amount of the existing incumbrances thereon, was so inadequate as to suggest any criticism or scrutiny.

Under the evidence there was no large margin of profit. No purchaser for the premises was found before the first day of November following, willing to give the amount, and the title subsequently passed from Anderson to Banks as above mentioned.

In the dealings between Anderson and Banks I discover no evidence of want of good faith or of entire honesty — nothing prejudicial to the plaintiff or the rights of her husband. From the consummation of the transaction in 1874 down to the year 1880, when this suit was commenced, no claim was made by the plaintiff that the deed was otherwise than an absolute conveyance, nor was any application for a reconveyance made.

Upon the whole case, and after careful consideration of the evidence, the conclusion reached is that the deed was not intended as a mortgage, but as representing an actual sale, with a privilege only in Coburn to find a purchaser for the property before the first day of November following, who would take the same for a consideration sufficient to pay all the incumbrances existing thereon, together with the consideration of $10,000 and interest, paid by the defendant Anderson, in which event Anderson was to convey to such purchaser, and that any surplus arising was to be paid to Coburn.

The privilege extended to Coburn was never complied with, and the plaintiff has lost all right to or interest in the property.

It appears to me that this conclusion, upon the facts above stated, is upon principle reasonable and just. But that the plaintiff is not entitled to any equitable relief, upon a state of facts above indicated, is clearly enough shown by authority (*McCauley* agt. *Porter*, 71 *N. Y.*, 173; *Baker* agt. *Thrasher*, 4 *Denio*, 493; *Glover* agt. *Payn*, 19 *Wend.*, 518; *Horn* agt. *Keteltas*, 46 *N. Y.*, 605).

The plaintiff's complaint is dismissed upon the merits, with costs.