Barnard, P. J.
William G. Oppenheim held a title to the real estate in question, by deed from the plaintiff, to secure the repayment of a loan. The loan was repaid. 'The property was conveyed by William G. Oppenheim to August 0. Oppenheim, and the sole question presented by this appeal is whether this was also a mortgage. The testimony fully supports the finding of the referee that it was a mortgage_ as between Oppenheim and McGinnis. 'The plaintiff testifies that the deed was given to secure a usurious loan. The written agreement is consistent with this. It provided for the repayment, out of the proceeds of the sale of the land to (Oppenheim, of $400,000, which was stated by the plaintiff to be the usury, and $600, which was the amount of the real loan.
The plaintiff is supported by Grace Baldwin, who heard the transaction in part. Oppenheim was to lend $600, and McGinnis “was to allow a certain sum for this loan,” and to draw the rents of the house until the debt was paid, and also by Morris, who gave evidence tending to show that the deed was given for a loan of $600, to be repaid at $1,000.
The defendant Oppenheim’s testimony is directly at variance with their witness. Not only the agreement, but the subsequent contract of Oppenheim is against his view of it. He sold to Cohn, but Cohn knew of the agreement with plaintiff, and then a bona jide sale is made to Baden.
Oppenheim made this sale and received the money. It is manifest that the Cohn title was made for the purpose of evading the plaintiff’s claim. The case is a very different -one from the reported case of McCaulayY. Porter, 71 N. Y., 173.
There the grantor had employed an agent to sell his property, and he had not been able to sell it. The grantor *558 then asked the agent to buy it himself, at a fixed price in cash, and, by assuming the mortgage upon it, agreed to give half the profits he should make upon it in one year. There was no debt, and if the transaction was real, it was an absolute deed with a right to half the advanced price received in a year.
The court so found, and the finding was approved by the court of appeals.
Here there was debt, and the form of the proceeding was intended to evade the usury law in respect to the bonus of $400.
The judgment should be affirmed, with costs.
Dykman and Pratt, JJ.. concur.