No. 12,886.

ROGERS *v.* BEACH ET AL.

115 413
117 592
121 254
115 413
125 188
127 499

DEED.—*Real Estate.*—*Conveyance.*—*Mortgage.*—*Presumption.*—The presumption is that an instrument is what it purports to be; and a deed, absolute on its face, will operate as a conveyance of the fee, unless the evidence proves it to be a mortgage.

SAME.—A deed can not be regarded as a mortgage where there was in fact a sale of the property for an agreed price, which was paid in full by the grantees, and where the property was in no possible contingency to revest in the grantors.

SAME.—It is not sufficient to transform a deed into a mortgage to prove that at the time it was made the parties agreed that, in the event the property should be sold for more than its agreed price, the grantors should receive such increased price.

From the Vigo Circuit Court.

*C. F. McNutt, I. N. Pierce, S. C. Davis, S. B. Davis* and *T. W. Harper,* for appellant.

*J. G. Williams,* for appellees.

ELLIOTT, J.—The appellant brought this suit to have a deed, absolute on its face, declared a mortgage, and to have it declared invalid as a mortgage, because executed by her to secure the debt of her husband.

The appellees filed a cross-complaint containing these material allegations: That Mary J. Rogers is and has been the wife of Newton J. Rogers for more than ten years; that Newton J. Rogers was the treasurer of Vigo county from 1877 to 1881, inclusive; that he was a defaulter in the sum of $50,000; that the appellees were the sureties on his official bond; that, while he was indebted to the county, he bought the land in controversy and caused the title to be made to his wife, without any consideration moving from her; that he paid for the real estate with his own money, and with the money of the county; that, at the close of his term of office, he desired to apply the real estate to the payment of the sum

due from him to the county; that, to effect this purpose, he and his wife conveyed it by a general warranty deed to the appellees; that the consideration agreed upon was ten thousand dollars, which was paid by the appellees to the county; that the amount paid by them was the full value of the land; that they are in good faith the owners of the land in fee simple; that Mary J. Rogers is unlawfully and without right claiming title to it, and unlawfully detains possession of it; that she falsely and fraudulently pretends and claims that the conveyance to these appellees is simply a mortgage, executed as the security for the · debt of her husband, but that such claims and pretences are without foundation in fact, but serve to cast a cloud upon the title of the appellees. The prayer of the cross-complaint is, that the title of the appellees be quieted, and that Mary J. Rogers be required to surrender possession to them.

The appellant's counsel assume that the cross-complaint seeks to set aside the conveyance from Newton J. Rogers to Mary J. Rogers as fraudulent, but this assumption is entirely. groundless. The cross-complaint does not proceed upon the theory attributed to it by counsel, but proceeds upon the theory that, by the deed executed to the appellees by the · appellant and her husband, they became the owners in fee of the property, and that the appellant's claim is unfounded, although sufficient to cast a cloud upon their title. It is in fact a complaint to quiet title. As a complaint to quiet title it is unquestionably good. It shows that the appellees bought the land, that they paid, in good faith, full value for it, and that they received a warranty deed for it. The pleading makes an unusually strong case, for it shows that Mary J. Rogers was not at any time, in equity or good conscience, the owner of the land, but that it belonged to her husband. Independent, however, of this consideration, the cross-complaint is good, for it shows that the appellees are the owners in fee simple of the land, and as they are the owners they may maintain a suit to quiet title. *Indiana, etc., R. W. Co.* v.

*Allen,* 113 Ind. 308; *Indiana, etc., R. W. Co.* v. *Allen,* 113 Ind. 581; *Dumont* v. *Dufore,* 27 Ind. 263.

The record presents no question upon the rulings in admitting and in excluding testimony, for the reason that the motion for a new trial simply states that the court erred in admitting incompetent evidence and in excluding competent evidence, "as set out and designated by the bill of exceptions," but the evidence is not specified, nor is the name of any witness given.

There is evidence sustaining the finding of the trial court. The deed is absolute on its face, and it must operate as a conveyance of the fee, unless it can be said that the evidence proved it to be a mortgage. The presumption is that the instrument is what it purports to be, a general warranty deed. 1 Jones Mortg., sections 282, 283; 3 Pomeroy Eq. Juris., section 1196.

. Several witnesses testified positively that the appellees bought the land after having refused to accept a mortgage. This evidence certainly gives full support to the theory of the appellees that they acquired the title to the land in fee.

The fact that the parties agreed that the transaction should be a sale and not a mortgage is a very important one, although if it stood alone against evidence favoring the theory that the instrument was a mortgage, it might possibly not be absolutely controlling. *Baker* v. *Thrasher,* 4 Denio, 493; *Macaulay* v. *Porter,* 71 N. Y. 173.

But the fact does not stand alone, nor is it opposed by circumstances of greater weight. It does not appear that the deed was made to secure a debt, but, on the contrary, it appears that the grantees paid to one of the grantors money to · be used by him in paying a debt due from him to a third person. It can, of course, make no difference for what purpose the grantor obtained the money, provided the grantees became the purchasers of the land. If, in other words, they agreed to buy, and did buy, the property, then it is not material for what purpose the grantor wanted the money, nor

to what purpose he applied it. He did, in fact, want the money which the appellees paid for the property for his own purpose, and did apply it to the payment of his own debt.

There was no debt existing at the time the contract was made, owing from the grantors to the grantees, nor was any debt, then created, so that the instrument was not executed to secure a subsisting debt. It is true the grantees were sureties on the bond of one of the grantors, but the debt was his, and was due his creditor. If there had been a subsisting debt, the question would be more difficult; but there was no debt to the grantees, and the money was paid by them when the instrument was executed.

There is still another reason why the instrument can not be regarded as a mortgage, and that is, that upon no possible contingency was the property to revest in the grantors. *Baker* v. *Thrasher*, *supra*; *Macaulay* v. *Porter*, *supra*.

Nor was there any sum for which either of the grantors would be liable to the grantees after the purchase-price paid by the latter had been exhausted. There was, in fact, a sale of the property for an agreed price, and this price was paid in full by the grantees, so that the transaction was what it professes to be, a sale, and not a mortgage. *Slowey* v. *McMurray*, 27 Mo. 113; *Robinson* v. *Cropsey*, 2 Ed. Ch. 138; *Slutz* v. *Desenberg*, 28 Ohio St. 371.

It is not sufficient to transform a deed into a mortgage to prove that at the time it was made the parties agreed that, in the event that the property should be sold for more than the agreed price, the grantors should receive the increased price. *Hays* v. *Carr*, 83 Ind. 275; *Conway* v. *Alexander*, 7 Cranch, 218; *Cunningham* v. *Banta*, 2 Ind. 604; *Lee* v. *Kilburn*, 3 Gray, 594; *Glover* v. *Payn*, 19 Wend. 518; *Flagg* v. *Mann*, 14 Pick. 467.

Leaving entirely out of consideration the evidence tending to show that Newton J. Rogers, and not the appellant, was the owner of the property, we think it clear that the

judgment was right, for there was an absolute sale, and not a mere pledge of the property as the security for a debt.

Judgment affirmed.

Filed July 10, 1888.