BRENNAN <i>v.</i> CROUCH <i>et al.</i>

(<i>Supreme Court, General Term, Fifth Department.</i> June 20, 1890.)

CONDITIONAL SALE—PLEDGE—CHATTEL MORTGAGE.

> Plaintiff, who held a paid-up life policy, the surrender value of which was $1,600, applied to one of the defendants for a loan of $1,500, which was refused. Two days afterwards he entered into an agreement with both defendants which recited that plaintiff "has this day sold and assigned" his policy to defendants, "and they have agreed to sell the same to him on or before" a certain day on payment of $1,600, and that, if "said $1,600 be not paid as aforesaid, and in the event of their not selling said policy to [plaintiff,] they will, on demand, at any time after said date, pay to" plaintiff $100 in full of all demands. *Held,* that the transaction was not a mortgage, but a sale of the policy with the right to repurchase on or before the day named.

Appeal from special term, Monroe county.

Action by Francis X. Brennan, as executor of Andrew Brennan, against George W. Crouch and Henry H. Craig, to have a reassignment of an insurance

policy on the life of decedent decreed. The complaint was dismissed on the merits, and plaintiff appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Albert H. Harris*, for appellant.    *William N. Cogswell*, for respondents.

CORLETT, J.   On the 18th day of November, 1862, the Mutual Life Insurance Company of New York issued to Andrew Brennan a policy on his life for $4,000.   The money was payable to him, his heirs, executors, and assigns. In March, 1879, the insured had paid up the policy, and its value as a death claim was about $6,400, and its surrender value as fixed by the company was about $1,600.   On the 19th of March of that year the insured applied to the defendant Henry H. Craig for a loan of $1,500, which he declined to make. On the 21st an instrument in writing was executed, of which the following was a copy:

"THIS AGREEMENT,

"Made this 21st day of March, 1879, by and between Henry H. Craig and George W. Crouch, Jr., of the first part, and Andrew Brennan, of the second part, *witnesseth:* Whereas, the party of the second part has this day sold and assigned to parties of the first part policy 27,578, issued by the Mutual Life Insurance Company of New York, and they have agreed to sell the same to him on or before the 21st day of September, 1879, on payment of sixteen hundred dollars: Now, therefore, in consideration of one dollar to them in hand paid, and other valuable considerations, the receipt whereof is hereby acknowledged, parties of the first part agree that if by or on September 21, 1879, said sixteen hundred dollars be not paid as aforesaid, and in event of their not selling said policy to said party of the second part, they will, on demand, at any time after said date, pay to Andrew Brennan one hundred dollars, the receipt whereof shall be in full liquidation of all claims and demands against them in his favor, of every name and nature.

"HENRY H. CRAIG.          [L. s.]
"GEORGE W. CROUCH, Jr.    [L. s.]
"ANDREW BRENNAN.          [L. s.]"

Brennan did not, on or before the 21st day of September, pay or offer to pay Craig and Crouch the said sum of $1,600, but in February, 1880, he offered to pay to said Craig and Crouch the amount which was due upon the contract to enable him to procure the assignment; but they refused to accept the money or reassign the policy to him.   In March, 1889, an action was commenced by the insured for the purpose of having a reassignment decreed to him.   The complaint alleged, in substance, that the transaction was a loan of money, and that Craig and Crouch were not the absolute owners of the policy.   The defendant George W. Crouch, Jr., by separate answer, denied a loan; alleged a sale and ownership.   The issues were tried at an equity term in Rochester in December, 1889.   The plaintiff's contention on the trial was that the transaction was a loan, and defendants' that it was a sale, with the right conferred upon the plaintiff to repurchase within the time and on the terms mentioned in the agreement, and that he failed to do so.   The trial justice found the facts against the plaintiff, and in favor of the defendants, and dismissed the complaint on the merits.   Judgment was entered, from which the plaintiff appealed.   Andrew Brennan died on the 17th day of September, 1889, leaving a will in which Francis X. Brennan was named executor.   Letters testamentary were issued to him.   He qualified, and was substituted as plaintiff in place of the deceased.   It is the rule that an assignment absolute on its face may be shown by parol to have been given simply as security, and in doubtful cases a contract will be construed as a mortgage instead of a conditional sale.   *Matthews* v. *Sheehan*, 69 N. Y. 585.   The facts in that case are not fully stated, but the court say on page 593: "There was nothing said about a repurchase or a resale or a reassignment, but the right to redeem was

expressly stipulated. The language used shows that the parties intended that the policy should be held as security for the premiums paid. Such a construction is at least as admissible as any other, and hence the court did not err in directing a verdict for the plaintiff." The agreement in this case was clearly an absolute assignment, with an agreement to resell on certain conditions. It shows that if the plaintiff paid $1,600 within a given time the policy should be reassigned, but, if not, the plaintiff would have a right to demand $100 more, which would be in full of all claims. There is nothing in the testimony showing a different agreement or understanding. The findings of the trial court were justified by the evidence. The legal conclusion necessarily followed. While the amount was less than the actual value, still no more could be got from the company, and it does not appear that the insured could obtain any more on a sale. The right to purchase, given by the agreement, secured to the insured a benefit which he could not obtain from the company. Jones, Mortg. (2d Ed.) § 258; *Baker* v. *Thrasher*, 4 Denio, 493; *Saxton* v. *Hitchcock*, 47 Barb. 220; *Whitney* v. *Townsend*, 2 Lans. 249; *Randall* v. *Sanders*, 23 Hun, 611; *Macauley* v. *Porter*, 71 N. Y. 173; *Brown* v. *Dewey*, 2 Barb. 28; *Conway's Ex'rs* v. *Alexander*, 7 Cranch, 218-237; *Glover* v. *Payn*, 19 Wend. 518; *Wallace* v. *Johnstone*, 129 U. S. 58, 9 Sup. Ct. Rep. 243,—illustrate, upon a variety of facts, the distinction between a mortgage and conditional sale. Applying the doctrine of these cases and others which might be cited to the facts in the case at bar, it is very clear that the transaction was a sale, and not a mortgage. The judgment must be affirmed. All concur.