## GRUBB v. BRENDEL ET AL.

### [No. 8,351.   Filed February 20, 1913.]

1. NEW TRIAL.—*New Trial as of Right.—Action for Money Judgment.*—A complaint alleging that a deed executed by plaintiff was in fact a mortgage, and seeking the recovery of a money judgment for the difference between the actual value of the land and the debt secured by the alleged mortgage, states a cause of action that is not within the provisions of the statute (§1110 Burns 1908, §1054 R. S. 1881) authorizing a new trial as of right. p. 534.

2. NEW TRIAL.—*New Trial as of Right.*—Where two or more substantive causes of action proceed to judgment in the same case, and a new trial as of right is authorized by §1110 Burns 1908, §1054 R. S. 1881, as to one or more of such causes, but not as to others, a new trial as of right must be denied.  p. 534.

3. DEEDS.—*Action to Declare Deed a Mortgage.—Evidence.—Burden of Proof.*—In an action to have a deed declared to be a mortgage, the burden of proving that the deed, and a contract executed at the same time, evidenced a loan with security, rather than a purchase of the land by defendant and an option to sell to plaintiff, rests on plaintiff.  p. 536.

4. DEEDS. — *Operation. — Presumptions. — Evidence. — Mortgage.*—The presumption is that a deed, absolute on its face, is what it purports to be, and, unless the evidence proves it to be a mortgage, it will operate as a conveyance of the fee.  p. 536.

5. DEEDS.—*Action to Declare Deed a Mortgage.—Evidence.—Debt.*—In an action to have a deed declared a mortgage, the absence of any written evidence of a debt due defendant from plaintiff, is a circumstance tending to support the theory of a sale.  p. 536.

6. DEEDS.—*Action to Declare Deed a Mortgage.—Evidence.—Consideration.*—In determining whether a deed, absolute on its face,

is in fact a mortgage, the adequacy of consideration supports the theory of a sale, and inadequacy supports that of a loan with security.   p. 536.

7.  APPEAL.— *Review.— Evidence.— Weight and Sufficiency.*— Although the evidence is conflicting on some of the material issues, the decision of the trial court will not be disturbed, if there is evidence tending to support every fact essential thereto, since the court on appeal will not weigh conflicting evidence.   p. 536.

From Boone Circuit Court; *Willett H. Parr,* Judge.

Action by Nola S. Grubb against James W. Brendel and others.   From a judgment for defendants, the plaintiff appeals.   *Affirmed.*

*David A. Leach,* for appellant.

*R. P. Bundy, J. W. Hornaday* and *S. M. Ralston,* for appellees.

FELT, P. J.—Appellant filed suit in two paragraphs against appellees to declare a deed a mortgage and for other relief.

The undisputed facts show that on March 16, 1909, appellant and his wife by a warranty deed conveyed to James W. Brendel, 36½ acres of real estate in Boone county, Indiana, for the consideration of $3,000; that on the same day said Brendel and appellant entered into a written agreement, wherein it was stipulated that said Brendel had sold to appellant said real estate for the sum of $2,951.75, to be paid on or before September 16, 1909, and further provided that "the conditions of this sale are such that if the said second party shall not at the time herein set forth be able to pay first party the full amount of the herein named purchase price then the said sale shall be null and void and of no effect and first party shall not be bound by any of the terms of this said sale."   By the terms of said instrument appellant was given the right to sell the real estate to a third person if sold within six months, and appellee Brendel agreed to execute to such purchaser a quitclaim deed for the land, provided the price paid was not less than $2,951.75.

On September 29, 1909, appellees, Brendel and Brendel, as husband and wife, conveyed said real estate to appellees, John S. and Milton Hussey, for a consideration of $3,000. Appellant failed to pay any part of the purchase money designated in said contract of sale, but continued in possession of the land.

The gist of the first paragraph of complaint is that the deed executed by appellant to appellee Brendel is in fact a mortgage, given to secure a debt for money loaned, and the court is asked so to declare, and to fix the amount due said appellee from appellant. It is further alleged that appellees Hussey and Hussey purchased said real estate knowing said deed was a mortgage, and with full knowledge of appellant's rights in the land. This paragraph also prays that appellant be given a reasonable time within which to pay the amount found to be due appellee Brendel, or, in lieu thereof, that he be required to foreclose his mortgage evidenced by said deed.

The allegations of the second paragraph of complaint are substantially like those of the first paragraph, and in addition thereto it is alleged that appellees Hussey and Hussey are innocent purchasers for value; that the purchase money due from them had not been paid to said Brendel; that appellant is entitled to recover the difference in amount between said mortgage, and $4,500, the alleged value of the land. Prayer that appellant be subrogated to the rights of said Brendel, in the recovery of the purchase money due from said Hussey and Hussey, and that he be given judgment for $1,500.

The complaint was answered by general denial of all the appellees. Appellees Hussey and Hussey filed a special answer, in which they allege that they purchased the land from said Brendel for $3,000, for which amount they executed their note, without any knowledge of appellant's claim. Appellees, Hussey and Hussey, also filed a cross-complaint against appellant, in which they allege ownership in fee

simple of said real estate, and ask to have their title quieted. Appellant replied to said special answer by general denial, and issues were joined on the cross-complaint by denial of its averments. The court found for appellees on appellant's complaint and also found for said Hussey and Hussey on their cross-complaint, and gave judgment quieting their title as against appellant. Appellant moved for a new trial as of right, which was overruled, and also moved for a new trial for cause, which was likewise overruled. The ruling on each of said motions is assigned as error. The case proceeded to trial and judgment on the issues joined on both paragraphs of the complaint and the cross-complaint.

1. The second paragraph of complaint seeks to obtain a money judgment for the difference between the actual value of the land and the debt secured by the alleged mortgage. Such a cause of action is clearly not within the provisions of the statute authorizing a new trial as of right.

2. Where two or more substantive causes of action proceed to judgment in the same case, and a new trial as of right may be had as to one or more of such causes, but the statute (§1110 Burns 1908, §1054 R. S. 1881) does not authorize such new trial as to one or more of the causes so associated, a new trial as of right must be denied. *Henry* v. *Frazier* (1913), 53 Ind. App. —, 100 N. E. 770, and cases cited; *Roeder* v. *Keller* (1893), 135 Ind. 692, 697, 35 N. E. 1014; *Seisler* v. *Smith* (1898), 150 Ind. 88, 92, 46 N. E. 993; *Nutter* v. *Hendricks* (1898), 150 Ind. 605, 607, 50 N. E. 748; *Butler University* v. *Conard* (1884), 94 Ind. 353; *Studabaker* v. *Alexander* (1913), 179 Ind. —, 100 N. E. 10; *Larrance* v. *Lewis* (1912), 51 Ind. App. 1, 98 N. E. 892.

No error was committed in overruling appellant's motion for a new trial as of right. The motion for a new trial for cause alleges that the decision of the court is not sustained by sufficient evidence; also that it is contrary to law. Ap-

pellant contends that the transaction of March 16 shows a loan to appellant, with the deed to Brendel as security, while appellees assert that it was an absolute sale of the land to Brendel, with an option to appellant to buy the land within six months at a stipulated price. In addition to the writings offered in evidence, the court heard oral testimony to assist in the determination of the controversy.

The evidence shows without dispute that appellant's land was mortgaged for about $1,800, and that this, and other past-due indebtedness of appellant aggregated $2,865.66 on the day the deed to Brendel was executed; that on the same day he gave his check to appellant for that amount, and the money so obtained was used in the payment of said indebtedness; that prior to the transaction of March 16 appellant tried to borrow money with which to meet his obligations, but was unable so to do; that no note or other evidence of a debt due appellee Brendel from appellant was given, but the amount received by appellant, plus six per cent interest thereon for six months, equals the price stated in the option agreement. The execution of the written instruments in the form shown is not disputed. The oral testimony is more or less conflicting. Some of it tends to show that the transaction was a loan, with the deed as security for its payment, while, on the other hand, there is ample evidence tending to prove that appellee Brendel refused to make a loan, and purchased the land, taking an absolute title, but at the same time gave to appellant an option to buy or sell the land within six months. On the question of the value of the land, some of the evidence tends to show that the price paid by Brendel was less than its fair value, while much of it tends to prove the price paid was the full value of the land.

Many admissions of appellant were proven to show that he understood the transaction to be a sale, and made no claim to the contrary until after Brendel sold the land. A number of these statements were made to or in the presence of disinterested witnesses before this suit was begun, and

were strongly corroborative of appellee Brendel's testimony and of his interpretation of the transaction. This theory of the case was not in contradiction of, but in harmony with, the written instruments. The burden of proving that the deed and contract evidenced a loan with security, rather than a purchase of the land by Brendel, with an option to sell to appellant, or a purchaser secured by him, rested on appellant. *Deadman* v. *Yanthis* (1907), 230 Ill. 243, 82 N. E. 592, 597, 120 Am. St. 291; *Stevens* v. *Hays* (1856), 8 Ind. 277.

A deed absolute on its face, will operate as a conveyance of the fee, unless the evidence proves it to be a mortgage. The presumption is that it is what it purports to be—a general warranty deed. *Rogers* v. *Beach* (1888), 115 Ind. 413, 415. The absence of any written evidence of a debt due Brendel from appellant is a circumstance tending to support the theory of a sale, though not conclusive. *Hays* v. *Carr* (1882), 83 Ind. 275, 283; *White* v. *Redenbaugh* (1907), 41 Ind. App. 580, 583, 82 N. E. 10. Adequacy of consideration tends to support the theory of a sale and inadequacy that of a loan with security. *Calahan* v. *Dunker* (1912), 51 Ind. App. 436, 99 N. E. 1021.

The contention and argument of appellant on the motion for a new trial for cause serve only to establish the proposition that there is a conflict in the evidence on some of the material questions in the case. There is ample evidence tending to support every material fact essential to the decision of the trial court. It is fundamental that it is not the province of this court to weigh conflicting evidence in any case of the class to which the one at bar belongs. We find no error in the record.

Judgment affirmed.

Note.—Reported in 10 N. E. 872. See, also, under (1) 29 Cyc. 1034; (7) 3 Cyc. 360. As to equitable mortgages generally, and forms of them in particular, see 4 Am. St. 696; 131 Am. St. 914.

As to when a deed, with a contract to reconvey, is a mortgage, see 3 L. Ed. U. S. 321. On the question of parol evidence admissible to show deed a mortgage, see 3 L. Ed. U. S. 321; 6 L. Ed. U. S. 142. The question whether a deed absolute on its face, but intended as a mortgage, conveys the legal title is treated in 11 L. R. A. (N. S.) 209. For a discussion of price as a consideration in determining whether a deed was intended as a mortgage, see 20 Ann. Cas. 1199.