[Filed November 24, 1891.]

## JOHN B. DUCLOS *v.* JAMES WALTON.

MONEY HAD AND RECEIVED—TRUSTEE—SALE OF LAND.— Where a party, to avoid the expense of foreclosure, deeded his property to another who held a mortgage upon it nearly equal to its value, and the latter made his written promise that if he should sell the same for a greater sum than his debt and expenses he would pay the former all sums of money in excess of the same; *held*, that the transaction was not a mortgage with power of sale, and the defendant a trustee, but that he was liable on his promise in an action at law, as for money had and received, when there was such surplus in his hands arising from the sale.

Marion county: R. P. BOISE, Judge.

Defendant appeals.   Reversed.

*Geo. H. Burnett*, for Appellant.

the plaintiff in this case had a plain, speedy and adequate remedy at law on the allegations of his complaint either by an action for money had and received, or for damages occasioned by failure or negligence in the performance of the agreement declared on. The bill was bad on demurrer. (*Frue* v. *Loring,* 120 Mass. 507; *Coquillard* v. *Suydam,* 8 Blackf. 24; *Crothers* v. *Lee,* 29 Ala. 337; *McCulla* v. *Beadleston,* (R. I.) 20 Atl. Rep. 11; *Lewis* v. *Baca,* (New Mex.) 21 Pac. Rep. 343; *Appeal of Passyunk B. & L. Assn.* 83 Pa. St. 441.)

The deed to Walton and the writing given by him to Duclos do not constitute a mortgage, because there is no promise by Duclos to pay the money, and further because there is no provision for, or pretense of, a right of redemption. (*Rogers* v. *Beach,* 115 Ind. 413; *Fuller* v. *Pratt,* 10 Me. 197; *Gasset* v. *Bogk,* 7 Mont. 585.)

The deed to Walton being absolute in its terms and also in the intentions of both parties, the terms of the resale to Imus, as between Duclos and Walton, were *ex vi terminis* in Walton's discretion. Hence selling the land on credit was no violation of his agreement, and he cannot be held responsible for the money until he collects it. (*Swoyer's Appeal,* 5 Barr, 377; *Waring* v. *Darnall,* 10 Gill & J. 126; *Stone* v. *Hinton,* 1 Ired. Eq. 15.)

*J. J. Johnson,* for Respondent.

A deed absolute on its face may be shown by parol to have been intended as a mortgage. (*Stephens* v. *Allen,* 11 Or. 188; *Miller* v. *Ausenig,* 2 W. T. 22.)

No particular form of words is necessary to create a power of sale; any form of instrument which imposes duties upon another which he cannot perform without a sale, will necessarily create a power of sale. (Perry on Trusts, § 766; Pom. Eq. § 1007.)

Trustees will be held to great strictness in the management of their trust estate. By accepting a trust, whether gratuitous or not, they undertake that they possess and will exercise ordinary care and diligence. (*Crabb* v. *Young,*

92 N. Y. 56 ; *Hun* v. *Cary,* 82 N. Y. 65; 37 Am. Rep. 546;
Perry on Trusts, § 401.)

Notes or bills taken by the trustee in any transaction
connected with the trust estate must be taken to him as
trustee, otherwise he is responsible for any loss. (Perry on
Trusts, § 406.)

LORD, J.—This is a suit in equity, brought by the plaintiff
for an accounting, and to recover such sum as may be found
due him from the defendant upon such accounting as trustee
in the sale of certain real property. Briefly, the facts as
disclosed by the record are these: That on the tenth day
of August, 1885, the plaintiff borrowed of the defendant
the sum of $750 for two years with interest at ten per cent,
and secured the same by a mortgage on certain real prop-
erty described therein; that neither the principal nor interest
was paid when the same became due, and that in 1888, after
the expiration of three years, and when the defendant was
about to bring suit to foreclose the mortgage, the plaintiff,
to avoid the expense legally incident to such proceeding,
made and delivered to the defendant a warranty deed for
said premises and at the same time the defendant made
and delivered to the plaintiff a writing to the effect that if
he should be able to sell said premises for a greater sum
than the amount of the indebtedness on the note and mort-
gage, and the amount of any expense which he should incur
in caring for and selling the same, then he promised and
agreed to pay to the plaintiff all sums of money in excess
of said indebtedness as aforesaid, reserving to himself suffi-
cient and no more as should reïmburse him for his debt
and expenses; that on the twenty-first day of December,
1888, the defendant sold said premises to one Imus for a
span of horses, a buggy and a promissory note for $1,000,
and that he sold the horses and buggy for $300; but that
before the notes were collected in full or any sum of money
was in the hands of the defendant in excess of the amount
of his debt and expenses, the present suit was instituted.

Upon this state of facts the plaintiff has brought this suit upon the theory that the whole transaction constitutes a mortgage with a power of sale, and that the defendant was trustee for the full sum for which the premises were sold, and liable for the same, less his debt and expenses.

The contention for the defendant is, that the plaintiff has not pursued his remedy, which, when his right of action accrues, is at law and not in equity. He insists that by the terms of his contract he is not liable for any sum of money except such sum as is in excess of his debt and expenses incurred; and as this sum when received is a definite and ascertained sum, his remedy is at law for money had and received or for breach of his promise to pay. Looking at the whole tenor of the evidence, as we understand the transaction, the debt and interest was nearly or about equal to the value of the property mortgaged to the defendant; and for the purpose of avoiding the expense of foreclosure proceedings and making the property pay the debt and interest, the plaintiff conveyed by his deed the property absolutely to the defendant, who desiring only to be indemnified to the extent of his debt and interest, agreed to sell the property and give the plaintiff "all sums of money in excess of his debt and expenses" incurred in selling it. He had a mortgage, and the deed would not be regarded as additional security. The evidence of both parties indicates that the deed was given and received to liquidate the debt; but as the defendant proposed to sell the property, not wishing to keep it, but to secure his money, he agreed if he could sell it for more than his debt and expenses, he would be responsible to the plaintiff for the surplus, and as evidence of his promise gave the plaintiff the writing that effect.

In reference to giving the deed, the plaintiff says in his testimony that "it was his property—he had entire control of it,"—and that he trusted to his honor "to sell it to the best advantage," etc.; but the fact is that it was not reliance upon his honor, but upon the written promise which the defendant gave him of his own accord, and

which promise is the ground of his complaint. The defendant put his promise in writing to avoid all question and to fix his liability, and to it and its terms we must look to determine whether this suit is well brought and can be maintained. He sold the property upon credit, as he had the undoubted right to do, and as must have been contemplated by the parties. The plaintiff could not pay his debt nor make any arrangements to do so by procuring the money for that purpose. He deeded the property to effect this object, and the defendant agreed to sell it and apply the money to the payment of his debt and expenses of selling, and then if there was any surplus to pay it over to the plaintiff. The defendant sold the property and took the notes upon time, which offset the interest upon the indebtedness of the defendant and enabled him to secure a better price for the property; but before the money was collected upon these notes, and before he had any sums of money in excess of his debt, interest and expenses, according to the requirements of the notes, this suit was brought. If it was brought before any right of action accrued under the contract, it was groundless as well as premature. The written engagement of the defendant was, that in case, he sold the land for a greater sum than such debt, interest and expenses (that was the standard fixed for his promise), "then"—runs the written promise—"I bind myself to pay him all sums of money in excess of his indebtedness as aforesaid, reserving to myself sufficient and no more as shall reïmburse me for my debt and expenses." It is "all sums of money in excess," etc., and nothing else, which he obligates himself to pay. This would only happen and the liability occur when, after the sale of the property, money should come into his hands sufficient to liquidate the debt and expense and leave an excess or surplus.

In the light of the circumstances, the provision evidently contemplates that the sale would be on credit to secure the best possible price for the property, and that when the credit had expired and the money had been received or at least

was due and sufficient to extinguish the debt and expenses, and there was any excess or surplus, it should be paid over to the plaintiff. In this view the plaintiff had a plain and adequate remedy at law when there was any surplus or any sums of money due him according to the promise. This is an express promise when there is any excess for a sum certain or capable of being rendered certain, for which a recovery at law can be brought, or an action for money had and received can be maintained. Such a count as the last is appropriate for the recovery of money which the defendant may have in his possession of right belonging to the plaintiff, although privity of contract is not necessary to support the count, for the law implies the promise'to pay whenever the defendant has money in his hands the property of the plaintiff and which the defendant has no legal right to retain.

It is clear, then, notwithstanding a suit was begun before any right of action accrued, and that the note was paid before the hearing, his remedy was at law and not in equity.

The bill should be dismissed, and it is so ordered.