Submitted on briefs October 5, affirmed October 25, rehearing denied November 15, 1927.

## AUGUST FETSCH ET AL. *v.* AXEL PEDERSEN ET AL.

(260 Pac. 241.)

**Mortgages—If Relation of Debtor and Creditor Still Existed Between Grantor and Grantee, Deed Absolute on Face was Mortgage.**

1. Where debtor executed deed to creditor, who gave debtor option to purchase within one year, if relation of debtor and creditor still existed between parties, deed absolute on its face was a mortgage.

---

1. Deeds absolute in form as mortgages, see note in L. R. A. 1916B, 55. See, also, 19 R. C. L. 258.

Mortgages—Intention of Parties Controls as to Whether Deed from Debtor to Creditor is Mortgage.

2.   Where debtor gives creditor deed absolute on its face, intention of parties controls as to whether it is a deed or a mortgage.

Mortgages—Where Debtor Executed Deed to Creditor, Who Gave Debtor Option to Purchase Within One Year, Contract Showed That Debtor Conveyed Property to Extinguish Indebtedness, not as Security.

3.   Where debtor executed deed to creditor, who, under written contract, agreed to sell and convey to debtors at price equal to their indebtedness, if debtors exercised option to purchase within one year, providing that creditors had not in meantime otherwise disposed of property, agreement giving creditors right to sell land at any time, contract showed that debtors conveyed property to extinguish their indebtedness, and not as security.

Mortgages—Grantee's Agreement That, if Property were Sold Within Two Years at Price in Excess of Grantors' Indebtedness, Surplus Should be Paid to Grantors, Did not Make Instrument Mortgage.

4.   Where debtor executed deed to creditor, agreement of creditor that, if property were sold within two years from date of contract at price in excess of debtors' indebtedness, surplus should be paid to debtors, did not make instrument of conveyance a mortgage.

---

Mortgages, 41 **C. J.**, p. 313, n. 66, p. 326, n. 71, p. 327, n. 74, p. 331, n. 3.

From Douglas: JAMES W. HAMILTON, Judge.

In Banc.

AFFIRMED.    REHEARING DENIED.

For appellants there was a brief over the names of *Mr. T. M. Kerrigan* and *Mr. William G. Smith.*

For respondents there was a brief over the name of *Mr. Robert G. Smith.*

BELT, J.—The question for decision is whether a certain instrument purporting to be a deed is, in fact, a mortgage. On December 30, 1924, plaintiffs commenced a suit to quiet title to a tract of land in

---

2.   See 19 **R. C. L.** 244.

Douglas County. Their claim for title is based on a deed executed by defendants, November 9, 1923. On the date of the execution of the deed, and as a part of the same transaction, the parties entered into the following agreement:

"KNOW ALL MEN BY THESE PRESENTS, That we, August Fetsch and Marie A. Fetsch, husband and wife, parties of the first part, in consideration of the sum of one dollar to us in hand paid by Axel Pedersen and Nancy J. Pedersen, parties of the second part, do hereby agree to sell and convey to the said parties of the second part the personal property hereinafter mentioned and that certain tract of land conveyed by deed to the parties of the first part from the parties of the second part, which deed was executed and delivered to the parties of the first part on November 9, 1923, being a deed for lands in Township Twenty-two (22) south of Range Four (4) West of Willamette Meridian in Douglas County, State of Oregon, within one year from this date, November 9, 1923, provided the parties of the second part shall on or before that time have paid to the parties of the first part the sum that is now owing from the parties of the second part to the parties of the first part on a promissory note of the parties of the second part payable to the parties of the first part, together with any sum the parties of the first part may pay as and for taxes on said lands of any kind, heretofore or hereafter levied, and any sum that parties of the first part may hereafter pay for keeping the said premises in repair, and the amount or face value of any mortgages or judgments that may be a lien against the said lands that the parties of the first part or either of them may pay or acquire by assignment or otherwise, with interest on all such sums so paid from the date of payment at the rate of eight per cent (8%) per annum, and any and all other expenses that may be incurred by the parties of the first part caring for

said lands and personal property owned by the parties of the first part that may be left on said premises in care of the parties of the second part as hereinafter provided.

"The parties of the first part do hereby lease and let the said premises and all the machinery, tools, cattle, hogs, sheep, poultry, implements and tools of every kind now on the premises for the same consideration at the will of the parties of the first part. The parties of the first part reserve the right, however, to dispose of the said lands or any part thereof, or the personal property left on said premises by the parties of the first part, at any time. The parties of the second part agree that if any part of the real or personal property is sold it shall be for the reasonable and fair value thereof, and the proceeds shall be applied as the parties of the first part may decide to the payment of the expenses of the parties of the first part, taxes upon the said real or personal property, mortgages and liens thereon, and the amount owing from the parties of the first part by the parties of the second part being about Seven Thousand Dollars ($7,000.00) at the present time; and if there is any surplus either of money or property remaining, to pay or convey the same to the parties of the second part.

"The parties of the second part do hereby appoint August Fetsch their agent and attorney-in-fact to make and execute in their names any deed, bill of sale or conveyance of said lands or personal property, in whole or in part, that may be proper or necessary to sell or convey any of the said lands or personal property.

"It is further agreed that time is the essence of this agreement and that unless enough of the property can be sold within two years to pay the amount due to parties of the first part, then the rights of the parties of the second part shall be terminated and forfeited.

"It is mutually agreed that the mortgage on the land or personalty held by the parties of the second

part or hereafter acquired shall not be deemed merged by any deed or bill of sale made to them, but shall remain in full force and effect until fully paid.''

No testimony was offered by defendants and at the conclusion of plaintiffs' case moved for a dismissal upon the ground that it did not appear that plaintiffs were vested with title. It is the contention of the appellants that the deed, when construed with the above contract, is a mortgage. The trial court granted plaintiff's relief as prayed for in the complaint. Hence this appeal.

1, 2. Was this instrument, purporting to be a deed, given as security for a pre-existing indebtedness or for the extinguishment of the same? Did the relation of debtor and creditor still exist between the parties? If it did, the deed, absolute on its face, is, nevertheless, a mortgage. The test for determining whether an instrument is a deed or a mortgage is stated in *Caro* v. *Wollenberg,* 68 Or. 420 (136 Pac. 866). The intention of the parties controls and, since no oral testimony was given thus to enlighten the court, we must look to the written contract. Does it overcome the disputable presumption that the deed is what it purports to be?

3, 4. It is difficult to conceive of a contract which could be more uncertain, indefinite and ambiguous in its terms. As we construe it, plaintiffs were vested with title and agreed to ''sell and convey to the defendants'' at a price equal to their indebtedness, in the event that the defendants saw fit to exercise their option to purchase within one year from date of the agreement, provided that the plaintiffs, in the meantime, had not otherwise disposed of the property by sale. It is noted that the plaintiffs had the right to sell the land ''at any time.'' A recital of the amount

of defendants' indebtedness was made for the purpose of fixing the price defendants were to pay in the event they exercised their option. We think defendants conveyed this property to extinguish their indebtedness. The agreement that if the property were sold within two years from date of contract at a price in excess of defendants' indebtedness the surplus should be paid to the grantors does not make the instrument of conveyance a mortgage: *Duclos* v. *Walton,* 21 Or. 323 (28 Pac. 1); *Hamilton* v. *Holmes,* 48 Or. 453 (87 Pac. 154). As stated in *Rogers* v. *Beach,* 115 Ind. 413 (17 N. E. 609):

"It is not sufficient to transform a deed into a mortgage to prove that at the time it was made the parties agreed that, in the event that the property should be sold for more than the agreed price, the grantors should receive the increased price."

That defendants intended to convey title to plaintiffs is further evidenced by the fact that they leased the premises from them. They now deny the title of their landlord. It is true that there are parts of the contract which, as contended by appellants, support the view that the property was conveyed as security for payment of their indebtedness. Defendants did not see fit to offer any testimony to throw light upon the intention of the parties but based their sole defense upon a contract which is admitted to be vague and indefinite in its terms. Such instrument fails to destroy the force and effect of the deed.

Neither did defendants tender the amount long past due on what they say was a mortgage. The failure so to do has no relevancy upon the question as to whether plaintiffs have the right to maintain this suit, but their failure to do equity emphasizes the

technical nature of their defense. Delay is what
they seek and not a decision upon the merits.

The decree of the Circuit Court is affirmed.

AFFIRMED.    REHEARING DENIED.